STATE v. RICHARD D. MILLER.

The owner of personal property may assert his claim thereto, when about to be taken as the property of another, and may make use of any peaceable means to prevent its attachment or keep or regain the possession of it when it can be done without personal violence to the officer.

The same facts which would make an entire stranger guilty of impeding and hindering an officer, will not, in all cases, render the owner guilty.

INDICTMENT for hindering and impeding Lewis Merritt, a deputy sheriff, in the service of a writ of attachment.

The indictment alleged the writ to have been issued against one Elisha Clark, in favor of one Newton Whittelsey, and that the officer had attached thereon, " one hundred "and fifty stooks of corn then and there cut up and stooked " in the field, then owned by one Calvin Allen, and the said "Lewis Merritt, deputy sheriff, as aforesaid, on the same day " last aforesaid, was in the field aforesaid, with the said writ, " in the possession of the said stooks of corn, so by him at- "tached as aforesaid, keeping the possession thereof until " such time as his team should come for the purpose of re-

" moving said stooks of corn ; when, to wit, at said Hartland,
" on the day and year last aforesaid, said Richard D. Miller,
" upon the said Merritt,deputy sheriff as aforesaid,whilst in the
" execution of his said office, under the authority of this
" state, as aforesaid, an assault did make, and did then and
" there, with force and arms, and with a strong hand, wrest
" and take from the possession of the said Merritt, deputy
" sheriff as aforesaid, the said stooks of corn so by him at-
" tached as aforesaid, to the number of one hundred, and the
" same then and there carried away out of his possession ;
" the said Richard D. Miller then and there well knowing
" the same to be in the possession of said Merritt, deputy
" sheriff as aforesaid, under attachment, by virtue of said
" writ as aforesaid, and the said Merritt, so being in the due
" execution of his said office as aforesaid, to wit, at said
" Hartland, on the day and year last aforesaid, the said Rich-
" ard D. Miller did hinder and impede as aforesaid, &c."

On the trial in the county court, testimony was introduced
in behalf of the prosecution, tending to prove the facts alleged
in the indictment.

The respondents offered evidence tending to prove, that
the corn, mentioned in the indictment, was at that time, in
fact, the property of Luke Williams, to whom the same had
been *bona fide* sold by said Clark ; that Williams had re-
moved one load from the field, and placed the residue in the
care of said Allen, in whose field it was situate, and that the
said Merritt was informed thereof, by said Allen, before he
made the attachment ; that Miller was the servant of Wil-
liams, and acted only by his directions, in removing the corn.
This was objected to, on the part of the state, and was re-
jected by the court.

The respondent gave evidence tending to prove, that, in
taking away said corn, he came and acted with a number of
others, but that no assault and battery, or personal violence
was used to said Merritt's person.

The respondent requested the court to charge the jury,
that if no personal violence was used or threatened to said
Merritt, they should find the respondent not guilty. The
court refused so to charge the jury, but did, in substance,
charge that, if they found all the facts alleged in the indict-

ment, proved beyond a reasonable doubt, they should find the respondent guilty, though no assault, or violence, or threat was committed to the person of said Merritt. The jury returned a verdict of guilty, and the respondent excepted.

*Aikens & Edgerton*, for respondent.

The facts proved do not constitute an offence under that statute. *State* v. *Lovett*, 3 Vt. R. 110. *Commonwealth* v. *Kennard et al.*, 8 Pick. R. 133.

Have any of the objects of the statute been defeated ?

1. As to the protection and security to the officer. His person has not been violated. He cannot be subjected to any pecuniary loss.

If sued by the creditor, it is a sufficient defence for him, that the property attached, was not Clark's. So far, therefore, as the officer is concerned in this matter, no injury has been incurred by him, and hence, so far as the safety of the officer may be supposed to have been contemplated by the statute, the statue has not been infringed.

2. As to the preservation of the public peace. That has not been disturbed by the respondent in this case. As a general rule, the better one, and the one most calculated to preserve the peace, clearly is, that the owner of property, other than the debtor himself, be permitted to retain his possession until deprived of it by judgment of court, and that he be not required to surrender it upon the arbitrary demand of every catchpole in the community.

3. If it be said that the statute was intended as a protection and security to creditors. We answer, that, in this view of the subject, it becomes a question between the creditor and the owner of the property.

If, in consequence of the rule insisted upon in the defence, an attachment be wrongfully defeated, the creditor has a variety of remedies. He may have his action on the case for unlawfully preventing or interrupting his attachment; he may have his trustee process against the person in possession, his officer may sue in trespass, and, for aught we object, the party may be followed into the criminal court, and, if he fail there to make out his right strictly, be subjected to the penalty of the statute.

On the other hand, a different rule subjects the owner to resort to a replevin, or to an action of trespass, to regain his property. In trying the question of property, therefore, as between a creditor and a third person, the one rule imposes no greater hardship upon the creditor, than the other imposes upon the owner. It is equally reasonable that the creditor should be put to his action, as that the owner should be compelled to surrender his possession and resort to his suit. There are, therefore, no considerations of public convenience or general necessity, in relation to the collection of debts, that authorize the application of this statute to a case like the one before us.

It would be the grossest injustice to visit the penalty of the statute upon an individual, for the exercise of an act of ownership in a peaceful manner, as in the present case, when that act did not affect the personal rights of any other individual, and when its only effect was, to prevent the commission, or rather continuance of a trespass upon his own rights.

*E. Hutchinson*, states attorney, for the prosecutor.

The indictment is sufficient, the ruling of the court below was correct, and the conviction proper. *State v. Downer et al.*, 8 Vt. R. 424.

The opinion of the court was delivered by

Williams, Ch. J.—It is to be taken, that the evidence offered, if admitted, would have proved the facts therein stated. It is also to be considered that, under the charge of the court, whatever facts were there adverted to as constituting no justification, *were* in evidence. From these it may be assumed, that Merritt, the deputy sheriff, had a writ of attachment, by which he was commanded to take the property of one Elisha Clark ; and by virtue of the attachment, and by direction of the creditor thereon, he did *not* attach the property of Clark, but did attach *as* his property, 150 stooks of corn then in the field of one Allen, which were, in fact, the property of one Williams, and in his possession, or in that of his agent, Allen, when attached; and that while the deputy sheriff was in the field where the corn was, and in such possession as he could take of property of that na-

ture, i. e., it being in his sight or control, the respondent, acting as the servant of Williams, and under his direction, removed it but without any assault or violence or any threats to the person of the deputy sheriff; and the question is, whether he was guilty of impeding and hindering the deputy sheriff so as to subject him to the punishment provided in the statute against that offence.

Upon this statement of facts, it is obvious that the deputy sheriff would have been liable to Williams in an action of trespass, if he had removed this corn, and, upon the same principle, if the case of the *Earl of Bristol* v. *Wilsmore & Page,* 1 Barn. & Cres. 514, is to be recognized as an authority, he could not maintain an action against either Williams or the respondent, who took the property from him, as he was not entitled to it against the rightful owner.    Still a public officer may not be forcibly or violently resisted, even by the actual owner, when he has attached or is about to attach property which he honestly believes to be the property of the debtor, especially if he acts in pursuance of the direction of the creditor.    And for that reason, when an officer was so violently resisted, and an assault and battery committed on him in the resistance, the person, so resisting, was adjudged guilty under the statute, in the case of the *State* v. *Downer et al.,* 8 Vt. R. 424, notwithstanding he might have had the better right to the property attached.    We consider that such a forcible resistance would expose the offender to the penalty of the statute, and we think this a better principle than the one which was established in the case found in the 8th Pick. R. *Commonwealth* v. *Kinnard et al.* But some regard must be had to the rights which the owner has to his property and they are not all to cease, when the sheriff comes with a process, not against him, but against a third person with whom he has no connection, and it is not always true that the same facts, which would render an entire stranger obnoxious to the penalty of the statute, would make the true owner an offender. A removal of property, about to be attached, by an entire stranger, to prevent such attachment, might be an offence, when such a removal by the real owner, for the same purpose, to prevent its being attached as the property of another, would

not be an offence. The owner may make use of any peaceable means, to prevent such attachment, as it would, in fact, be a trespass on him. He may keep or regain the possession peaceably, and when it can be done without using any force or violence against the officer. Nor will this expose the officer to any hazard. The same proof which would protect the owner, would also protect the sheriff, if he should be sued for not keeping or attaching property which he could prove did not belong to the debtor, against whom he had process. The person, taking the property, must incur the hazard of being able to make satisfactory proof that he is the owner, as he would be guilty of an unjustifiable interference, and of impeding and hindering the officer, if it should eventually appear that he had no legal claim, but was, in fact, an intruder and a stranger to any claim. As it may be considered the duty of an officer to attach property which he believes to be the debtor's, or which he is directed to attach as such, he cannot be prevented from doing this by violence to his person, or threats of personal violence, even by the owner. When force is about to be used, the officer may insist on his official character, and the rights of even the owner must yield to the authority of the law. Thus much is required for the protection of the officer, and to insure a due regard to the law and his official character. Any thing further would be too great an infringement and invasion of the right which every one has to be secured and protected in the enjoyment of his property. In the case under consideration, if the facts, which are supposed, existed, the respondent could not have been guilty, if without offering violence or threats to the person of the sheriff, he, as the servant of the true owner and while the corn was in his possession, or, at least, in the joint possession of him and the officer, removed it to the place directed by the owner.

We think, therefore, the evidence offered should have been admitted, and if the corn was, in fact, the property of Williams, in the custody of his agent, Allen, and in the field of Allen, and the respondent removed it by the direction of Williams, without any breach of the peace, and without committing any assault on the person of the officer, or any violence, or using any threats to prevent the deputy sheriff from doing his duty, he would not be guilty of the

offence charged in the indictment. The case does not re-
quire us to decide whether any thing short of this would
have been a justification. The verdict must be set aside, and
a new trial granted.