THE PEOPLE OE THE STATE OF NEW YORK, DEFEND-
ANTS IN ERROR, *v.* RANSOM HALL, PLAINTIFF IN ERROR.

*Criminal law — when an owner of personal property is liable to an indictment for resisting a constable attempting to remove it under an execution against another person.*

An execution, upon a justice's judgment against Charles Hall, having been issued to one Ayres, a constable, that officer levied upon a quantity of beans in the barn of the plaintiff in error, the father of Charles, which the constable had been informed and believed were the property of the debtor, who lived with his father on the premises. As the constable was about to remove the beans from the barn, the plaintiff in error told him that the beans were his and that they did not belong to Charles, and he forbade the constable to levy on or remove them from the premises. The constable having attempted to remove them, the plaintiff in error put his hands upon the constable and excluded him from the barn, using only so much force as was necessary to prevent him from removing the beans. Upon the trial of the plaintiff in error upon the charge of resisting an officer in the execution of process, his counsel requested the court to charge the jury that, if they should find that the beans levied on were the property of the plaintiff in error, exclusively, and that the constable was about to remove them from his premises and beyond his control, and that the plaintiff in error in resisting such removal used no other means or force than such as was necessary to prevent it, he was justified in doing as he did, and that the jury should acquit him:

*Held*, that the court properly refused so to charge.

The court charged the jury that, if they should find that the constable acted in good faith in making the levy upon the beans, believing them to be the property of the execution debtor, and if they should also find that the beans were the property of the plaintiff in error, and that his son, the debtor, had no interest in them; yet the prisoner was not justified in resisting the officer in his attempt to remove them, although such resistance was accompanied by no more force than was necessary to prevent such removal, and that it was their duty to convict him:

*Held*, that the charge was proper.

*Quære*, as to whether one owning and in the actual possession of personal property is liable to an indictment for using force to prevent an officer from levying upon such property by virtue of an execution against another person, when the officer acts, not wantonly, carelessly or oppressively, but in good faith, believing the property to be that of the execution debtor. (SMITH, P. J., holding that he is liable, and BARKER, J., that he is not.)

WRIT OF ERROR to the Court of Sessions of Orleans county to review a judgment and conviction of the plaintiff in error for the offense of resisting an officer in the execution of process.

*S. E. Filkins,* for the plaintiff in error.

*Isaac S. Signor,* district attorney, for the defendants in error.

SMITH, P. J.:

An execution upon a justice's judgment against Charles Hall having been issued to one Ayers, a constable, that officer levied upon a quantity of beans in the barn of the plaintiff in error, the father of Charles Hall, which the constable had been informed and believed, were the property of the debtor, who lived with his father on the premises. As the constable was about to remove the beans from the barn, the plaintiff in error told him the beans were his and did not belong to Charles and he bade the constable not to levy on them or remove them from the premises. The constable said he would remove them and he attempted to do so, when the plaintiff in error put his hands upon the officer and excluded him from the barn, using only so much force as was necessary to prevent him from removing the beans. Evidence tending strongly to establish the exclusive ownership and possession of the beans by the plaintiff in error, and that the execution debtor had no interest in them, was given upon the trial, and the jury would have been justified in so finding.

The counsel for the plaintiff in error requested the court to charge the jury that if they should find that the beans levied on were the property of Ransom Hall, exclusively, and that the constable was about to remove them from Ransom Hall's premises, and beyond his control, and that Ransom Hall in resisting such removal used no other means or force than was necessary to prevent such removal, he was justified, and the jury should acquit him. The court refused such request, and the counsel for the plaintiff in error excepted.

The court charged the jury that if they should find that the constable acted in good faith in making the levy upon the beans, believing them to be the property of the execution debtor, and if they should also find that the beans were the property of Ransom Hall, and that Charles Hall had no interest in them, yet the prisoner was not justified in resisting the officer in his attempt to remove the beans, although such resistance was accompanied with no more force than was necessary to prevent such removal, and that

they must convict the prisoner. To which charge the plaintiff in error excepted.

The prisoner was convicted and sentenced to pay a fine of twenty-five dollars, and to be imprisoned until satisfied, not exceeding twenty-five days.

The exceptions above stated present the only question in the case. The question is whether the owner of personal property is liable to an indictment for using force to prevent an officer from levying upon such property by virtue of an execution against another person, where the officer acts, not wantonly, carelessly, or oppressively, but in good faith, believing the property to be that of the execution debtor. We have not been able to find an adjudication upon the precise question in this State. It is well settled that the officer is liable as a wrong-doer in a civil action for making such levy (*Fonda* v. *Van Horne*, 15 Wend., 631), and it has been held that there is a distinction in that respect between a levy under an execution and a taking of goods pursuant to a writ of replevin; the officer being directed, in the latter case, to take the particular goods described. (*Foster* v. *Pettibone*, 20 Barb., 350.) It was held in *The People* v. *Cooper* (13 Wend., 379), that an indictment lies against a party who, in the exercise of the right of recaption, to repossess himself of goods taken from him under an attachment against another person, commits a breach of the peace by assaulting the officer who took the goods, if the process under which the seizure was made is regular upon its face, although the magistrate who issued it had not jurisdiction of the subject-matter. Possibly, that case is distinguishable from this, by the circumstance that the officer, when he was assaulted, had the manual possession of the property when the defendant attempted to regain it. While here, the beans, although a formal levy had been made on them, had not been removed, and were yet in the possession and control of the owner.

The question before us has been passed upon in some of the sister States, but the decisions are conflicting. In *Commonwealth* v. *Kennard* (8 Pick., 133), it was held that if an officer would take goods belonging to A. and in A.'s possession, upon a writ against B., A. may maintain his possession by force, in the same manner as he might against any person who is not an officer. But in *State* v.

*Downer* (8 Vt., 424), that doctrine was controverted and its opposite asserted by the Supreme Court of Vermont, in a well reasoned opinion, written by Mr. Justice REDFIELD. " If," says the learned judge, " the owner of property may resist an officer in its defense, so may one who believes himself the owner; for it will not do to predicate crime upon so subtle a distinction as an abstract right of property." He distinguishes the case from that of an illegal arrest of one person upon process against another, in which he admits that an officer attempting to make the arrest may lawfully be resisted, and says " the case of property is very different. · It depends upon *criteria* which are not the objects of sense." He also adverts to the consideration that it is the duty of the officer to attach property whenever requested to do so, as creating a distinction between his act and the gratuitous trespass of a stranger, without pretense of process.

Under our statute, the proceeding which the officer is authorized to institute, in his discretion, to try the title to the property, in case of an adverse claim, can only be resorted to after levy made (Code of Civil Proc., § 1418), and it is essential to the protection of the officer that he should have the actual possession and control of the property, after his levy, until the adverse claim is disposed of. Besides, the remedy above referred to is available only to officers levying by virtue of process issued out of courts of record, and does not apply to a constable levying under an execution upon a justice's judgment.

The doctrine of *State* v. *Downer* was re-affirmed by the Supreme Court of Vermont in *State* v. *Miller* (12 Vt., 437), *Merritt* v. *Miller* (13 id., 416), and *State* v. *Buchanan* (17 id., 573). It has been approved and followed by the Supreme Court of New Hampshire (*State* v. *Fifield*, 18 N. H., 34; *State* v. *Richardson*, 38 id., 208), and the Supreme Court of Ohio (*Faris* v. *The State of Ohio*, 3 Ohio St., 159; see, also, *Cokeley* v. *State* (4 Clark [Iowa], 477.) We are referred by the counsel for the plaintiff in error to the case of *State* v. *Johnson* (12 Alabama, 840), in which the Massachusetts case above cited was followed. But it does not appear that the cases in conflict therewith were brought to the attention of the court. We are referred by the counsel for the plaintiff in error, to an English case, cited in Wharton's Ameri-

can Criminal Law (3d ed.), 554, but we have not had access to it. The case of *The People* v. *Wentworth* (4 Scam., 550) is also cited.

The opinions above referred to seem to have exhausted the subject, and it is only necessary for us to say that we concur in the reasoning and conclusion of *State* v. *Downer*, and the other concurring cases above cited.

The conviction and judgment should be affirmed.

BARKER, J.:

I concur that the conviction and sentence be sustained. It is not stated in the bill of exceptions that, at the time of the levy by the officer, the defendant was in the actual possession of the property; nor does it appear that, at the time the officer made the attempt to remove the same, he had not secured full possession of the property. The defendant gave his consent that the officer might enter upon the premises and levy on any property belonging to Charles Hall, the defendant named in the execution. He had effected a complete levy upon the property and had commenced a removal of the same before the defendant attempted to interfere. The title to the property was in dispute, the constable claiming that it was the property of the defendant named in the precept, who is a son of the defendant, and resided with him on the premises. It is impossible for the court to say, from the facts stated in the bill of exceptions, that the prisoner was at the time of the levy, in the actual possession of the property to the exclusion of Charles Hall.

In the request to charge as made by the defendant, and which was rejected, the court was asked to direct an acquittal of the defendant, if the jury should find that he was the sole and exclusive owner of the property. In the charge as made, the jury were instructed, that if they found the officer acted in good faith, and believed the property to be that of Charles Hall, and they in fact found it was the property of the defendant, then he was not justified in resisting the officer in his attempt to remove the property. In neither of these propositions was the question of the actual possession of the property by the defendant embraced, and each was based upon the fact of ownership; consequently it was not error to reject the first and affirm the second. As to the legal proposition stated in the opinion of Mr. Justice SMITH, founded on the cases

which are cited therein, that the lawful owner of personal property, in the actual possession of the same, cannot lawfully defend such possession by the use of so much force as is necessary for that purpose, as against an officer who attempts to levy upon and remove the same by virtue of process against another, who has no right or interest in the property, I do not concur. I place my dissent upon the common law rule, as the same is stated and followed in the decisions of the courts of this and other States, which is, as I understand the cases, that the owner of personal property in the actual possession of the same, may defend his possession, using no more force than is necessary, as against an officer who seeks to seize and remove the same, by virtue of legal process in his hands, commanding him, in general terms, to levy upon the property of another named in the writ. I refer in particular to *Elder* v. *Morrison* (10 Wend., 128); *Commonwealth* v. *Kennard* (8 Pick., 133); *People* v. *Wentworth* (4 Scammon [Ill.], 550); *State* v. *Johnson* (12 Ala., 140); *Story* v. *Robinson* (6 T. R., 138; Wharton on Crim. Law, § 1290); *Buck* v. *Colbath* (3 Wall., 334); *Curtis* v. *Hubbard* (4 Hill, 437); *Curtis* v. *Hill* (1 id., 336).

HARDIN, J., concurred in result.

Conviction and judgment affirmed.