STATE EX REL. HEMAN E. REYNOLDS *v.* FRANK O. LEE.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 18, 1916.

*Municipal Corporations—Water Superintendent—Eligibility to Office.*

The management of a system of water works owned and operated by a municipality is not a governmental function, and the superintendent thereof is not a civil officer, but essentially a business manager, in whose selection the city should not be put to disadvantage by unnecessary implication, and so a city that owns and operates a system of water works may, unless expressly restrained by its charter or other statutory provision, intrust the superintendence thereof to one not a resident, inhabitant, or taxpayer of the city.

COMPLAINT seeking a *quo warranto,* brought to the Supreme Court for Washington County, and heard at the October Term, 1915, on an agreed statement of facts. The opinion states the case.

*Elwin L. Scott, Edward H. Deavitt* and *H. William Scott* for the relator.

*William Wishart* for the respondent.

HASELTON, J. This is an information praying for a writ of *quo warranto.* The relator alleges that the city council of the City of Barre appointed him water superintendent and city engineer of the city to serve for one year and until his successor should be legally appointed and qualified conformably to the charter, that he served the term of one year, and that then he gave way to Frank O. Lee, the defendant, whom the city council had appointed. Lee was not then a resident of the City of Barre, but of Burlington, and the relator claims that for that reason Lee was not eligible, that he has usurped the offices or positions which he holds.

Thereupon the relator Reynolds prays that it may be adjudged that Lee is not of right water superintendent and city engineer and that the relator is entitled to those positions by virtue of his right to hold over until his successor shall be legally appointed and qualified.

The parties reached an agreement as to the facts, and agreed that the only legal question involved in this case for the Supreme Court to determine is: Whether or not under the charter of the City of Barre and the general laws of the State, it was necessary for the defendant at the time of his appointment and qualification as water superintendent, to be a taxpayer, legal voter or inhabitant of the city.

In this matter the charter of the City of Barre is silent, and there are no applicable provisions of the general law.

The question then is substantially this: Is residence within a city by implication necessary to render one eligible to the position of superintendent of the water department in the case of a city which has such a department?

Water works are public utilities owned and controlled, sometimes by private corporations, and sometimes, under permissive charters or general laws, by municipal corporations. In neither case is their management to be considered as a governmental function. And so we think that a city which owns and operates a system of water works may, unless restrained by its charter or other statutory provision, entrust the superintendence of such system to some one not a resident, inhabitant or taxpayer of the city at the time of his appointment.

In providing for the efficient management of such an enterprise, sometimes in competition with a private corporation, cities are not to be put at a disadvantage by any unnecessary implication.

The City of Barre has, as do cities in general, both governmental functions to perform, and proprietary rights to preserve and exercise.

The superintendent of the water system of Barre is not strictly a civil officer exercising governmental functions, but rather he is essentially the conductor or manager of a business, undertaken by the corporation, by virtue of its charter. The distinction runs through the cases. *Sanborn* v. *Village of Enosburg Falls,* 87 Vt. 479, 89 Atl. 746; *Carthy's Admr.* v. *Winooski,* 78 Vt. 104, 62 Atl. 45, 2 L. R. A. (N. S.) 95, 6 Ann. Cas. 436;

*City of Burlington* v. *Central Vermont Ry. Co.,* 82 Vt. 5, 71 Atl. 826; *City of Barre* v. *Perry,* 82 Vt. 301, 73 Atl. 574; *Weller* v. *Burlington,* 60 Vt. 28, 35, 12 Atl. 215; *Wilkins* v. *Rutland,* 61 Vt. 336, 17 Atl. 735; *Winn* v. *Rutland,* 52 Vt. 481.

The appointment of Mr. Lee as city engineer requires no separate consideration, and is given none by counsel.

*The petition is dismissed with costs.*