J. Frank Kidder *v.* William H. Wilson.

February Term, 1916.

Present:  Munson, C. J., Watson, Haselton, Powers, and Taylor, JJ.

Opinion filed February 12, 1916.

*Municipal Officers—Waterworks Superintendent—Illegal Discharge—Recovery of Salary from Successor.*

Under the charter of the city of Burlington the water commissioners have the exclusive general charge of the city water works, and must annually appoint a superintendent thereof, who has the immediate care and practical supervision of the water works, subject at all times to the general orders of the commissioners, who appointed plaintiff such superintendent for one year.  After several months the commissioners were removed by the city council, which appointed a new board of water commissioners, which forthwith removed plaintiff and appointed defendant in his stead.  Later this Court declared the removal of the first commissioners illegal, and they were reinstated, whereupon defendant surrendered to plaintiff the position of superintendent, and plaintiff brought this action of assumpsit to recover from defendant the salary received by him during his incumbency, under the rule that a *de jure* officer is entitled to recover from a *de facto* officer the salary of the office received by the latter during his incumbency.  *Held* that plaintiff is not entitled to recover because such superintendent of water works is not a municipal "officer" within the rule, but a mere employee or business manager of a proprietary enterprise undertaken by the city.

General Assumpsit for money had and received.  Plea, the general issue with notice.  Trial by court at the September Term, 1915, Chittenden County, on an agreed statement.  Judgment, *pro forma,* for the plaintiff.  The defendant excepted.  The opinion states the case.

*Edmund C. Mower* and *Darling & Smith* for the defendant.

*Sherman & Moulton* and *V. A. Bullard* for the plaintiff.

POWERS, J.   The charter of the city of Burlington provides that the city council shall appoint a board of water commissioners, which shall have the exclusive general management and control of the water works owned by the city.   That these commissioners shall appoint a superintendent, whom they may remove for cause.

That the superintendent shall have the special and immediate care and practical supervision of the water works and property used in connection therewith, but shall at all times be subject in respect thereto to the orders of the commissioners.

On the 25th day of April, 1914, the commissioners appointed the plaintiff superintendent of water works for the term of one year from the 1st day of May then next.   He accepted the appointment, entered upon the discharge of his duties as superintendent, and continued therein until removed as hereinafter stated.

In July, 1914, the water commissioners were removed from office by the city council, and a new board of commissioners was appointed by it.   The new commissioners entered into the control and management of the affairs of their office, and continued therein until the latter part of March, 1915, when the decision of this Court in *Rutter* v. *Burke,* 89 Vt. 14, 93 Atl. 842, was handed down.

On the 11th day of July, 1914, the new water commissioners removed the plaintiff, and, having combined the positions of superintendent of the city water works and superintendent of the city filtration plant, on the 13th day of July, 1914, they appointed the defendant superintendent thereof.   He accepted the appointment, entered upon and discharged the duties of the position until he gave way to the plaintiff as stated below.

The removal of the first board of commissioners was declared illegal in *Rutter* v. *Burke, supra;* and on the 15th day of April, 1915, the new board retired and the old commissioners resumed office.   Thereupon, the defendant surrendered his position to the plaintiff,—having received the salary attached thereto from Aug. 1, 1914, to April 7, 1915.

It is for the salary so received that this suit is brought.

The plaintiff predicates his action upon a proposition which may be thus stated:   A *de jure* officer is entitled to and may recover from a *de facto* officer the salary and emoluments of the office received by the latter during his incumbency thereof.

Counsel have treated the case as though it depended upon a consideration of which of these parties was the *de jure* officer. But before we reach that question, we must decide whether or not the superintendent of water works is an "officer" at all, within the meaning of the rule stated.

The word "officer" as commonly used is a term of wide comprehension. But that one serves a corporation, public or private, does not necessarily imply that he is an "officer" of that corporation. His standing in this respect is to be determined, not by what he is called, but by what he does. The distinction between an officer and an employee is frequently overlooked. But it was pointed out by this Court in *Powers* v. *Rutland Railroad Co.*, 88 Vt. 376, 92 Atl. 463, which was the case of a private corporation, and again in *State, ex rel.* v. *Lee,* 90 Vt. 55, 96 Atl. 382, which was the case of a municipal corporation. In the latter case, it was held that the superintendent of water works of the city of Barre is not a civil officer in an accurate sense of the term, since he exercises no governmental function; but is, in essence, a business manager of a proprietary enterprise undertaken by the city.

This holding is conclusive of the question under discussion. The superintendent of water works of the city of Burlington is not an officer of the city. He is a mere employee. He is not delegated with a single municipal function, except so far as he may be, from time to time, entrusted therewith by the water commissioners, who in all things direct and control him. His duties pertain wholly to the proprietary functions of the city and not at all to its governmental functions.

These proprietary functions of municipalities are being constantly extended in these times, and it would be both unreasonable and unjust to extend the rule above stated to all the various positions and employments made necessary therein, though, perchance, the incumbents thereof may be dignified by being denominated "officers." To such subordinates the rule does not apply.

This being determinative of the case, we have no occasion to consider the other questions made in the brief.

*Pro forma judgment reversed and judgment for the defendant to recover his costs.*