## State of Vermont v. Floyd Buck

[428 A.2d 1090]

No. 365-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

M. *Jerome Diamond,* Attorney General, *Edwin L. Hobson, Jr.,* and *Claudia H. Bristow,* Assistant Attorneys General, and *Eric G. Parker,* Law Clerk (On the Brief), Montpelier, and *P. Scott McGee,* Lamoille County State's Attorney, Hyde Park, for Plaintiff.

*Valsangiacomo & Detora, P.C.,* Barre, for Defendant.

**Larrow, J.** Defendant Floyd Buck, proprietor of a furniture store in the Town of Wolcott, was convicted below on two counts of hindering a civil officer in the execution of his office, in violation of 13 V.S.A. § 3001. The two counts were based on the same incident, involving two State Field Tax Examiners, one named Gray and the other Beeman. He appeals the convictions on several grounds, two of which we treat herein as dispositive of the appeal. The first ground is that the examiners in question are not civil officers within the meaning of the statute, and the second that hindering in the execution of their office was neither alleged nor proven.

Stripped of some of the more humorous aspects, it was alleged and proved (though not without some dispute) that the two examiners were in the second day of a tax audit of the defendant's business records, conducted by consent and centered upon records relating to sales and use tax receipts and exemptions. This was being done in a small windowless room in defendant's store, furnished by defendant and where the records in question were kept. Early on the second day, they had a somewhat heated discussion with the defendant's wife, the bookkeeper. The defendant, entering the room during this conversation, became incensed, remarked in very forceful language that he had no duty to furnish electricity, and unscrewed and removed the two light bulbs in the room. He then went out, slammed the door, and threw some bags of seat pads against it. The examiners replaced the records in the file, pushed open the door, and exited without ceremony, in some trepidation. They were not assaulted, nor were they threatened with any physical harm.

Defendant's first ground for his motion to dismiss, and for acquittal, is that the examiners in question were not civil officers within the meaning of the statute. 13 V.S.A. § 3001. That statute prohibits, as a felony, hindering an officer, executive, judicial, civil or military, under the authority of the state, in the execution of his office. The defendant claims that the examiners are not state "officers," but merely employees, characterizing the two categories as mutually exclusive. He cites *State* v. *McOmber,* 6 Vt. 215 (1834), which struck down a conviction for hindering a person authorized by a justice of the peace to serve a particular process. *McOmber,* however, is clearly distinguishable as involving only an ad hoc designation for a particular purpose, without any intent or design to confer a status or position of any permanence. Likewise not in point is *Kidder* v. *Wilson,* 90 Vt. 147, 96 A. 750 (1916), involving a Burlington Water Superintendent without any governmental functions.

By contrast here, the appointments of Gray and Beeman were proved and were unchallenged. While no particular statute authorizes, in terms, their positions as such, 32 V.S.A. § 9701(2) defines the Tax Commissioner as including any officer or employee duly authorized (by delegation or redelegation of authority) to perform his functions. The Commissioner is appointed with the approval of the Governor and the advice and consent of the Senate. 3 V.S.A. § 2251. Powers which the Commissioner may delegate include the power to examine books and records, and to assess, determine, revise and readjust tax liabilities. 32 V.S.A. §§ 5865 and 9702(a)(6). The evidence established not only the appointments of Gray and Beeman, but their authorization to perform the audit in question. Examiners so delegated "possess and may exercise all of the power and perform all of the duties herein conferred and imposed upon the commissioner." 32 V.S.A. § 9702(a)(3). Employees in the popular sense they may well be, but when exercising the delegated powers of the Commissioner, as here, they are also officers entitled to the protection afforded by 13 V.S.A. § 3001, under which this prosecution was brought. Express statutory authority for the particular position is not required, but may be implied as necessary to effectuate the statutory purpose. *In re Roberts,* 111 Vt. 91, 93, 10 A.2d 1, 2 (1940).

■ That they are civil officers within the purview of the statute, however, does not necessitate the conclusion that the acts proven were hindering. We hold that they were not.

Only two acts are claimed to constitute the offense charged. The first is the removal of the electric light bulbs by the defendant, rendering the room in which the examiners were working fairly dark. The second is the placing (disputed) of the bagged material against the only exit door, which somewhat impeded its opening. Neither separately nor together do these acts violate the statutory provisions against hindering.

■ There is not a wealth of decided cases in this state dealing with interpretation of 13 V.S.A. § 3001. The State would interpret our law as requiring a showing of violence in only two instances. The first is to resist an unlawful arrest. *State v. Malnati*, 109 Vt. 429, 199 A. 249 (1938) ; *State v. Mancini*, 91 Vt. 507, 101 A. 581 (1917). The second is where an officer is wrongfully attempting to take property. *State v. Miller*, 12 Vt. 437 (1840). Any other use of force, it says, which impedes an officer performing his duty, is hindrance within the meaning of the statute. We do not so interpret the underlying basis of decision. We regard the test as being one of whether or not the respondent has a legal right to take the action which results in impeding the officer. If he does have that right, its exercise is not prohibited by the statute. Only when he has no such right can his actions be an unlawful hindrance. As stated in *Miller, supra:*

> Any thing further would be too great an infringement and invasion of the right which every one has to be secured and protected in the enjoyment of his property. In the case under consideration, if the facts, which are supposed, existed, the respondent could not have been guilty, if without offering violence or threats to the person of the sheriff, he, as the servant of the true owner and while the corn was in his possession, or, at least, in the joint possession of him and the officer, removed it to the place directed by the owner.

*Id.* at 442.

In removing the light bulbs in question, without violence or threats, the defendant was merely dealing with his own prop-

erty as he had a right to do. True it is that he was required by statute to keep records of the transactions in question, and to have them available for inspection upon demand by the commissioner or his agent. 32 V.S.A. § 9709. But there is no statutory requirement that equipment and facilities be provided for that inspection. To the contrary, examination under oath and production of records are within the powers of the commissioner, 32 V.S.A. § 9702(a)(9) and (10), enforceable by court order under 32 V.S.A. § 9702(c). The actions of the defendant, taken elsewhere than on his own premises and hindering such examination or production, would indeed be a statutory violation, but this is not the situation here involved.

Defendant's actions (if proven by the somewhat hazy evidence on the point) in placing objects against the interior door have the same status. If a hindrance at all, these actions merely hindered departure of the agents, not their examination. All of the property involved belonged to the defendant. Its use was lawful, unless by such use an assault or kidnapping was occasioned, offenses not charged in the information, and highly unlikely in any event.

As we have stated, the two counts here involved differ only in the specification of which agent was interfered with. Identical acts by the defendant are the basis for each count. As these acts do not afford sufficient basis for the offense alleged, a judgment of acquittal must be entered on each count.

A somewhat unusual feature of the trial proceedings below, not directly involved in this appeal, relates to the sentencing. We comment upon it under the considerations expressed in *State* v. *Harbaugh*, 132 Vt. 569, 579, 326 A.2d 821, 827 (1974). At least partially as a result of an "agreement" between defendant and the State, the defendant received a deferred sentence under 13 V.S.A. § 7041(a), and was placed on probation. By its general terms, the statute permits this procedure, characterized by the trial court as a "compassionate approach." Whatever the applicability of that term, the "agreement" here placed definite restrictions upon the issues which defendant could raise before us in the event of an appeal. We can neither condone nor enforce such a condition, either for deferment of sentence or for probation. The right of appeal from a criminal conviction is conferred absolutely by statute,

13 V.S.A. § 7401, and its restriction or prohibition as a condition of sentence deferment or probation cannot be reconciled with that statute. This construction obviates the necessity for consideration of whether use of such an agreement term produces the "chilling effect" upon the statutory right of appeal characterized as violation of due process by *North Carolina* v. *Pearce*, 395 U.S. 711 (1969).

*Judgments reversed. Judgment of acquittal entered on each count.*