V.R.Cr.P. 7(b). See *State v. Roy*, 151 Vt. at 29, 557 A.2d at 891–92.

*Affirmed.*

## State of Vermont v. Bruce A. Harris

[568 A.2d 360]

No. 87-219

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed September 15, 1989

508

*William D. Wright*, Bennington County State's Attorney, and *Adele V. Pastor*, Law Clerk (On the Brief), Bennington, for Plaintiff-Appellant.

*Walter M. Morris, Jr.*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellee.

**Morse, J.** The State appeals the trial court's dismissal of the information charging defendant with hindering a police officer, 13 V.S.A. § 3001, for lack of a prima facie case. The sole issue is whether defendant's flushing cocaine down a toilet to avoid being "busted" during a police raid violates § 3001. We hold it does not and affirm.

Section 3001 states:

> A person who hinders [a] . . . law enforcement . . . officer acting under the authority of this state . . . shall be imprisoned not more than three years or fined not more than $500.00, or both.

█ For purposes of the motion, the facts are viewed in a light most favorable to the State. *State v. Norton*, 147 Vt. 223, 229, 514 A.2d 1053, 1058 (1986). On November 18, 1986, seven police officers executed a search warrant for illegal drugs at defendant's residence. Defendant saw them arrive and flushed cocaine down a toilet before an officer apprehended him in the bathroom. Cocaine residue was found on the toilet rim. Defendant admitted flushing the cocaine so that he "wouldn't get busted."

The State, citing cases from other jurisdictions construing criminal statutes dealing with destruction of evidence and obstruction of justice, argues that actions taken to deprive the State of evidence of a crime with the intent to escape prosecution are covered by § 3001. While there is a superficial appeal to the argument that "hindering" under the statute covers this situation, we do not give the statute such a broad sweep.

█ This Court has stated:

> We regard the test as being one of whether or not the respondent has a legal right to take the action which results

in impeding the officer. If he does have that right, its exercise is not prohibited by the statute. Only when he has no such right can his actions be an unlawful hindrance.

*State v. Buck*, 139 Vt. 310, 313, 428 A.2d 1090, 1093 (1981). A person "hinders" an officer when the person's actions illegally interfere with the officer's ability to perform duties within the scope of the officer's authority. The term does not cover actions which interfere only with the ultimate purpose of the officer's actions, that is, a successful prosecution. In contrast, had the defendant restrained a police officer attempting to seize cocaine as an accomplice flushed it down a toilet, the statute would come into play.

■ If the statute is not given a narrow reading, it will be unconstitutionally vague. A criminal law must inform the public with reasonable assurance what behavior is forbidden. If a statute is so vague that persons of ordinary intelligence do not know what conduct violates its terms, it does not comport with due process. *Jordan v. De George*, 341 U.S. 223, 230–32 (1951). We can agree that a person hinders an officer by blocking the officer's path with the intent to prevent an arrest. On the other hand, if the statute is read broadly, conduct routinely engaged in by many citizens of this state would potentially be prohibited. For example, would possession and use of a radar detector violate the statute? Would the mere act of slowing down when a police cruiser appears in the oncoming lane hinder law enforcement under the statute? Read broadly, the statute would not "convey[] sufficiently definite warning as to the proscribed conduct." *Id.* at 231.

■■ If defendant had a legal right to flush the cocaine down the toilet, he has not violated § 3001. While it is a crime to possess cocaine, it is not a crime in Vermont to dispossess oneself of cocaine so long as the dispossession does not involve selling or dispensing. 18 V.S.A. § 4224.

*Affirmed.*