*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2010-135

JANUARY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | District Court of Vermont, |
| | } | Unit No. 1, Windham Circuit |
| | } | |
| Charles Chandler | } | DOCKET NO. 663-5-06 Wmcr |

Trial Judge: Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Defendant appeals his jury conviction of impeding a public officer in violation of 13 V.S.A. § 3001 ("A person who hinders an executive, judicial, law enforcement, civil or military officer acting under the authority of this state or any subdivision thereof . . . shall be imprisoned not more than three years or fined not more than $500.00 or both."). We affirm.

On March 30, 2006, a member of the Newbrook Fire Department, a volunteer member-owned fire department that covers the Town of Newfane, became aware of a reported brush fire on defendant's property. After consulting the fire warden, three members of the Department went to defendant's property to investigate. Upon their arrival, they decided to extinguish the fire because no permit had been given for a brush fire, and they believed the fire posed a potential hazard. A confrontation ensued between the firefighters and defendant and his brother, culminating in defendant grabbing one of the firefighters by the arm and walking him off his property. The firefighters waited across the street for the fire chief. When he arrived, the chief decided that the fire needed to be extinguished. He called the district fire warden to determine whether they should pursue the matter or leave. The fire warden arrived at the scene and tried to explain to defendant that the fire had to be extinguished. Defendant resisted, however, claiming that it was a campfire, not a brush fire. Eventually, a deputy sheriff arrived and cited defendant for impeding an officer. Following a jury trial, the jury found defendant guilty of the charge. On appeal, defendant raises six issues.

First, defendant argues that his conviction must be reversed because the State's information did not include all of the elements of the offense. As amended, the information read, in relevant part, as follows:

> CHARLES A. CHANDLER, in this Territorial Unit, in the County of Windham, at Newfane, on or about March 30, 2006, impeded an executive or civil officer acting under the authority of this state, or subdivision thereof, in violation of 13 V.S.A. § 3001.

The trial court's jury instruction on the elements of the offense required the jury to find that (1) defendant (2) knowingly hindered public officers (3) acting under authority of the state or its subdivisions, (4) that defendant knew or reasonably should have known that they were public officers, and (5) that he had no legal right to have hindered the officers.

For the first time on appeal, defendant challenges the sufficiency of the information. He argues that the information failed to indicate the mens rea requirement of his hindering action and the officers' status and further failed to indicate that the State must prove he had no legal right to have hindered the officers. We find no deficiency requiring reversal. Our law is that "in the absence of an objection, failure to include the mental element of an offense in the information is not reversible error where the statute does not explicitly state that element." In re Carter, 2004 VT 21, ¶ 15, 176 Vt. 322. Section 3001 of Title 13 does not explicitly state any mental elements. Regarding the requirement that defendant must have hindered an officer without a legal right to do so, defendant has failed to make even a colorable claim of prejudice on this alleged shortcoming. As defendant acknowledges in his brief, he strongly challenged the notion that the firefighters had a legal right to be on his property and extinguish the fire. Plainly, defendant understood the charge and was able to present an intelligent and complete defense to the charge. See State v. Christman, 135 Vt. 59, 60 (1977) ("[T]he essential test is that the complaint or other form of accusation of a criminal offense set forth charges with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense."); see also Reporter's Notes, V.R.Cr.P. 12 (noting that this Court has applied standard similar to federal courts ruling that defendants may challenge sufficiency of information for first time on direct or collateral review only if information is so defective that it cannot reasonably be construed to charge offense for which defendant was convicted). We find no basis to reverse the conviction on this claim of error.

Second, defendant argues that the trial court erroneously excused a juror after the jury was sworn. We find no merit to this argument. Towards the end of the first day of trial, the court held a colloquy with a juror who had told the court officer that one of the firemen/witnesses in the case was the driver of her daughter's school bus. Asked several times whether she would be able to decide the case based solely on the evidence, she expressed concerns about repercussions for her daughter depending on the outcome of the case. Her answers gave the court no assurance that she would be able to decide the case impartially solely based on the evidence. Therefore, the court acted well within its discretion in dismissing the juror. See State v. Hohman, 138 Vt. 502, 510 (1980) (noting that when statutory grounds of per se disqualification of juror for potential bias do not exist, "the question becomes whether the juror entertains a fixed bias, or whether [s]he can decide the case solely on the evidence") overruled on other grounds by Jones v. Shea, 148 Vt. 307, 309 (1987).

Third, defendant argues that the trial court erred by not granting his motion for judgment of acquittal on grounds that he had a lawful right to burn his fire without a permit and to exclude the firefighters. According to defendant, just as the defendant in State v. Harris, 152 Vt. 507, 509 (1989), had a right to dispossess himself of cocaine by flushing it down the toilet, he had a right to exclude the firefighters from his property and thwart their efforts to put out the fire. Again, we find no merit to this argument. Defendant bases his right to exclude the firefighters on the alleged presence of snow on the ground on the day in question. See 10 V.S.A. § 2645(a) (prohibiting open brush fires without permission of fire warden "except where there is snow on the site"). But the existence of snow on the site was disputed at trial, and, in any event, firefighters are authorized to enter property to investigate and extinguish fires that threaten

public safety, irrespective of whether a landowner is required under the circumstances to obtain a permit to burn brush. See id. § 2644(a) (giving fire warden right to enter property to extinguish fires threatening forest); 20 V.S.A. § 2863 (giving fire marshal and assistants authority to enter premises to perform their duties). The court did not err in denying the motion for judgment of acquittal.

Fourth, defendant argues that the trial court erred by not instructing the jury, as part of its discussion of the fifth element—whether defendant had a legal right to act as he did—that it could consider his right to burn without a permit because of snow at the site, essentially citing the law as set forth in § 2645. Defendant acknowledges that the trial court instructed the jury that, under Vermont law, open brush fires are forbidden without first obtaining permission from the fire warden unless there is snow at the site. He contends, however, that he is entitled to have his conviction reversed because this instruction was given immediately following the court's explanation of the five elements of the offense rather than as part of the fifth element. We disagree. The instruction adequately informed the jury of the substance of § 2645, and thus, the jury could have accepted defendant's theory that he had a right to thwart the firefighters' efforts to put out the fire because of the presence of snow on the ground—if the jury had believed that, in fact, there was snow at the site. Indeed, defendant reiterated this contention in his closing argument, telling the jury that a conflict between § 2645 and more general statutory authority for extinguishing fires created a reasonable doubt about the firefighters' authority to extinguish his fire that day. The trial court was understandably reluctant to give the requested instruction within its discussion of the fifth element of the charged offense because, as noted above, firefighters are statutorily authorized to extinguish fires under certain circumstances even if no permit was required for the fire. This claim of error must fail.

Fifth, defendant argues that the court committed reversible error by denying his request that the jury be given an instruction on self-defense. At trial, defendant testified that the firefighters physically threatened him and his brother during the incident in question and that his actions were justified by self-defense. We conclude that any error in omission of a self-defense instruction was not prejudicial to defendant because the jury necessarily concluded that the firefighters were acting within their lawful authority. The trial court instructed the jury that, in order to convict, they must find that the firefighters were acting under authority granted to them by the state and were performing a lawful duty at the time of the alleged offense. Given this instruction, the jury's verdict, and the fact that self-defense is available only to repel an aggressor's unlawful force, see 1 W. LaFave & A. Scott, Jr., Substantive Criminal Law § 5.7, at 650-51 (1986); see also Model Penal Code § 3.04 (explaining that use of force is "justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of underlined unlawful force by such other person on the present occasion" (emphasis added)), defendant cannot demonstrate that he was prejudiced by the omission of a self-defense instruction. Cf. State v. McGee, 163 Vt. 162, 167 (1995) (finding no plain error in court's self-defense instruction because jury found that defendant had acted in course of attempted robbery and thus was not entitled to self-defense instruction).

Sixth, defendant argues that the trial court's instruction referring to "public officers" in place of executive or civil officers resulted in an information that did not charge an offense and in a possible lack of unanimity in the verdict. We find this argument unavailing. Not only did defendant fail to object to the court's instruction on this point, but he himself used the same phrase in his requests to charge the jury. The trial court defined the term public officer to include the categories designated in 13 V.S.A. § 3001 and essentially required jurors to agree

that the firefighters were civil officers. As noted, defendant failed to object to the instruction at trial, and further fails to indicate on appeal how the court's instruction resulted in plain error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice