## State of Vermont v. Ray Edward Dean

[536 A.2d 909]

No. 83-305

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed October 9, 1987

*Philip H. White*, Orleans County State's Attorney, Newport, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Dooley, J.** The defendant in this case, Ray Edward Dean, was charged with two counts of attempted murder, arson and violation of a domestic abuse order. Following his conviction on a guilty plea and sentence, he moved for a sentence modification which was denied. In this appeal, he contests the denial of sentence reduction. We affirm.

The charges against defendant all arose out of the same incident. Defendant set fire to a house during the night while it was

occupied by his estranged wife, his son and his wife's mother. The fire was started by two Molotov cocktails. A human tragedy was averted when a passerby saw the smoke and flames and went into the house and woke up the occupants. The fire totally destroyed the house, which was owned by the wife's parents, along with almost all of the personal property contained within it.

The State alleged that the defendant started the fire with the intent to murder his wife and his mother-in-law. The State's theory was that the defendant had become enraged over the fact that his wife had taken his child and moved out of their domicile. There was a history of defendant physically abusing his wife. Defendant did not realize that his child was in the house at the time of the fire.

The case never came to trial because the defendant and the State entered into a plea agreement under which the defendant pleaded nolo contendere to arson and one count of attempted murder. After a judgment of conviction was entered on the plea and a presentence report ordered and received, an extensive sentencing hearing was held by the trial court which included testimony from numerous witnesses. The State recommended lengthy consecutive sentences. The defense objected to consecutive sentences for the two charges, sought a lesser sentence and sought credit for time served since defendant's arrest.

On March 24, 1983, the court sentenced the defendant to eighteen to twenty years for attempted murder and a probationary sentence of eight to ten years for arson with a condition of probation that the defendant make a full restitution to the wife's parents for the uninsured loss from the fire. The court gave credit for time served.

On May 3, 1983, defendant filed a timely notice for reconsideration of the sentences pursuant to 13 V.S.A. § 7042 and V.R.Cr.P. 35. Defendant argued that the sentences were not in the best interest of justice and constituted cruel and unusual punishment because the length was not consistent with the length of sentences that had been given in other cases for more severe offenses. The defendant argued that he had no prior criminal record, and the offense was committed under circumstances that showed a need for psychiatric treatment rather than incarceration. The court heard the motion for reconsideration of sentence on May 17, 1983. In addition to the arguments of counsel, the court took testimony from a probation and parole officer and

from the estranged wife of the defendant. The court denied the motion for reconsideration of sentence in a lengthy opinion and order filed January 7, 1985. This appeal followed.

Defendant raises two issues. First, defendant argues that the lower court failed to make legally acceptable findings in its opinion and order. Specifically, the defendant argues that the court's "findings" were "mere recitals of the testimony given," and therefore not actually findings of fact as this Court held in *Krupp* v. *Krupp*, 126 Vt. 511, 236 A.2d 653 (1967). Second, the defendant argues that the twenty month delay between the motion for reconsideration of sentence and the order and opinion on that motion denied defendant a speedy trial, due process of law under the federal constitution and prompt justice under the Vermont Constitution.[1]

We begin by analyzing defendant's delay claim and the specific allegations that his rights under the United States Constitution have been violated. Here defendant has two different theories: (1) the delay in ruling on the sentence reconsideration motion denied him a speedy trial; and (2) the delay denied him due process of law. The second theory is an alternative, available only if the speedy trial theory fails because the sentence reconsideration motion is not part of the "trial."

Defendant uses a two step argument to reach the conclusion that the speedy trial right covers the sentence reconsideration decision. He argues that sentencing is part of the trial for purposes of the Sixth Amendment to the United States Constitution. Then, he argues that sentence reconsideration is part of the sen-

---

[1] We must address whether this case is properly before us. Based upon this Court's recent decision in *State* v. *Thompson*, No. 86-490, slip op. at 1-2 (Vt. June 12, 1987) (reargued September 21, 1987), the State has moved to dismiss the appeal because the issues must be pursued in a petition for post-conviction relief under 13 V.S.A. § 7131 rather than by direct appeal. Given the age of this case (the notice of appeal was filed February 4, 1985) and the fact that it involves an almost 20 month delay in deciding a motion in the trial court, it would be unjust to dismiss the case and require defendant to start anew with a post-conviction relief proceeding. Cf. *Castle* v. *Sherburne Corp.*, 141 Vt. 157, 165, 446 A.2d 350, 354 (1982). Further, nothing would be accomplished by this procedure. The issues are fully briefed here and no further factual development is necessary. Accordingly, we will treat this case as if it were based on a post-conviction relief proceeding and reach the merits. V.R.A.P. 2; see *In re Smith*, 131 Vt. 24, 25, 298 A.2d 823, 825 (1972); *Magoon* v. *Smith*, 130 Vt. 603, 604, 298 A.2d 820, 821 (1972). This treatment will allow us to review the case irrespective of the outcome of *State* v. *Thompson*. The motion to dismiss is denied.

tencing process so that it comes under the Sixth Amendment guarantee of a speedy trial.

The initial step of defendant's argument was explicitly left undecided in *Pollard* v. *United States*, 352 U.S. 354, 361 (1957). The Supreme Court in *Pollard* assumed that the Sixth Amendment speedy trial right covered sentencing but found there was no constitutional violation under the circumstances in the case. Most decisions after *Pollard* have used a similar approach. See, e.g., *Brooks* v. *United States*, 423 F.2d 1149 (8th Cir. 1970); *Brady* v. *Superintendent*, 443 F.2d 1307 (4th Cir. 1971). Others have analyzed the issue and found that sentencing is part of the "trial" for Sixth Amendment purposes. See, e.g., *Juarez-Casares* v. *United States*, 496 F.2d 190 (5th Cir. 1974); *State ex rel. McLellan* v. *Cavanaugh*, 127 N.H. 33, 498 A.2d 735 (1985); *Gonzales* v. *State*, 582 P.2d 630 (Alaska 1978). We concur with those decisions that find that the speedy trial guarantee applies to sentencing. Most of the considerations behind the speedy trial guarantee are applicable to sentencing. See *Gonzales* v. *State*, 582 P.2d at 633.[2]

The second step of defendant's argument raises a question of first impression. The authority of the court to reconsider and modify a sentence was added in 1978 by the enactment of 13 V.S.A. § 7042 after this Court ruled that prior law gave no power to the court to modify a lawful, but inappropriate, sentence. See *In re Shequin*, 131 Vt. 111, 300 A.2d 536 (1973); V.R.Cr.P. 35. The purpose of sentence reconsideration is to allow a second look at the sentencing decision "absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice." *State* v. *Therrien*, 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982). The statute allows modification of a sentence "which, upon reflection and in the presence of unchanged circumstances, might be shown to be unwise or unjust." *State* v. *Lertola*, 140 Vt. 623, 624, 442 A.2d 1296, 1297 (1982). In making these determinations, the trial court has wide discretion to consider such factors as it believes are relevant. See *State* v. *Rice*, 145 Vt. 25, 32, 483 A.2d 248, 252 (1984); 3 C. Wright, Federal Practice and Procedure: Criminal 2d § 588, at 416 n.6 (1982) (discussion of cases interpreting the similar F.R.Cr.P. 35); see also *State* v. *Al-*

---

[2] A similar result is required by V.R.Cr.P. 32(a)(1), which requires that sentence be imposed "without unreasonable delay."

*len,* 145 Vt. 393, 396, 488 A.2d 775, 777 (1985) (court can deny sentence reconsideration without a hearing where sentence was within the range of legal sentences and the sentencing court conducted a lengthy sentencing hearing).

We can not find that sentence reconsideration is part of the "trial" for purposes of the Sixth Amendment. This opportunity for relief is of very recent origin and is highly discretionary, with no specific standards for reducing sentences. It is more akin to an appeal than to part of the trial proceedings. Few, if any, of the policies underlying the speedy trial right are applicable—by definition the defendant has been convicted and a lawful sentence imposed.

The fact that sentence reconsideration is not part of the trial does not preclude remedy for excessive delay. As this Court held in *State* v. *Hall,* 145 Vt. 299, 307, 487 A.2d 166, 171 (1984), in the context of delay in processing a criminal appeal, excessive delay can rise to the level of a denial of due process of law. The major element of due process delay is "substantial prejudice" caused by the delay. *Id.* at 307, 487 A.2d at 171. The showing of prejudice must be based on "concrete, practical considerations, rather than vague speculation unsupported by facts." *Id.*

Defendant's claims of prejudice are at best speculative. Since defendant received a lengthy sentence originally and the trial court decided not to reduce it, the length of defendant's incarceration is not affected. See *Commonwealth* v. *Duhamel,* 391 Mass. 841, 847, 464 N.E.2d 1352, 1356 (1984) ("There is no prejudice in the defendant's serving a sentence he would have had to serve anyway."). Nor is there a concrete showing that the delay dimmed the memory of the court with respect to the evidence or credibility of witnesses—indeed, the length and depth of the court's findings and analysis belie this possibility. Finally, defendant's procedural options to challenge his conviction remain intact. They could have been pursued through post-conviction relief while the sentence reconsideration notice was pending. Accordingly, we find no violation of rights in the delay in ruling on the sentence reconsideration motion.

Defendant also argues that the delay in ruling on the sentence reconsideration motion violates three provisions of the Vermont Constitution: Chapter I, Article 10 (right to a "speedy public trial"); Chapter I, Article 4 ("Every person . . . ought to obtain right and justice . . . promptly and without delay . . . ."); and

Chapter II, § 28 ("justice shall be . . . impartially administered, without corruption or unnecessary delay."). Our decisions have generally found, without extensive analysis, that the rights of defendants in this area are the same under the Vermont Constitution as under the federal constitution. See *State* v. *Hall*, 145 Vt. at 308-09, 487 A.2d at 171-72; *State* v. *Snide*, 144 Vt. 436, 442, 479 A.2d 139, 143 (1984); *State* v. *Bristol*, 143 Vt. 245, 249, 465 A.2d 278, 280 (1983); *State* v. *Franklin*, 136 Vt. 568, 396 A.2d 138 (1978); *State* v. *Mahoney*, 124 Vt. 488, 490-91, 207 A.2d 143, 145 (1965). It is likely that in those cases, as in this one, there was inadequate briefing of any alleged differences between the federal and state constitutional right so that we have never squarely and thoroughly decided the meaning of our Vermont constitutional provisions. See *State* v. *Hall*, 145 Vt. at 308, 487 A.2d at 171 (merit of state constitution claim is assumed "without deciding").

Although there has not been adequate briefing in this case, we do have the advantage of a helpful and well reasoned opinion from the New Hampshire Supreme Court in *State ex rel. McLellan* v. *Cavanaugh*, 127 N.H. 33, 498 A.2d 735. In *Cavanaugh* a criminal defendant challenged a 191 day delay in filing a presentence report under provisions of the New Hampshire Constitution. Those provisions established a right to justice "promptly and without delay" and to due process of law. *Id.* at 37, 498 A.2d at 738. The Court considered the case under the specific clause granting a right to prompt justice, a clause that contains identical language to Chapter I, Article 4 of the Vermont Constitution. See N.H. Const. Part I, Article 14.[3]

The Court in *Cavanaugh* found that the New Hampshire Constitution guaranteed the speedy disposition of a criminal case, including sentencing. *Cavanaugh*, 127 N.H. at 37-38, 498 A.2d at 739. The right to prompt post-trial disposition encompasses three concerns: (1) that incarceration pending sentence could exceed the length of a fair sentence; (2) that excessive delay eliminates the perceived relationship between guilt and penalty; and (3) that delay could prejudice either the State or defendant on retrial. *Id.* at 37, 498 A.2d at 739. We can assume for purposes of analysis that we would follow *Cavanaugh* in an appropriate case and find

---

[3] There are minor differences between the wording of the provision of the New Hampshire Constitution and the wording of Chapter I, Article 4 of our constitution. The differences are not relevant to the issue before the Court.

a right to speedy disposition in Chapter I, Article 4 and Chapter II, § 28 of the Vermont Constitution. We are not persuaded, however, that the "speedy disposition" right should include sentence reconsideration decisions. The three concerns discussed by the Court in *Cavanaugh* are present, if at all, to a lesser degree in sentence reconsideration proceedings. We believe the standards set forth in *State* v. *Hall*, 145 Vt. at 307, 487 A.2d at 171, for appellate delay better fit these circumstances, and we are not prepared to go beyond them under the Vermont Constitution.

The second issue that defendant raises is the validity of the findings made by the court. He asserts that the findings are mere recitations of the testimony and therefore are not valid findings under *Krupp* v. *Krupp*, 126 Vt. 511, 236 A.2d 653. Our law is clear that recitations of testimony are not to be considered because they do not indicate the credence given to the testimony and do not show the extent to which the testimony goes to the decision. *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 502, 367 A.2d 1363, 1366 (1976).

While the twenty page opinion and order of the trial court contains some recitals of testimony, the facts involved are almost without exception covered by findings stated in the words of the court. The remedy for the presence of *Krupp* findings is to delete those purported findings. See *Austin* v. *Sicilliano*, 137 Vt. 115, 119, 400 A.2d 981, 984 (1979). When we do that in this case, the court's conclusions are well supported by the proper findings. Even if substantial parts of the conclusions were not supported by findings, reversal would not necessarily be the remedy since there are no required elements for a sentence modification decision and the relief is highly discretionary, based on "calm reflection" rather than new evidence.

The problem in this case is exactly the opposite of that alleged by the defendant. The trial court used the sentence reconsideration motion as an opportunity to prepare a detailed and thorough justification for the sentencing decision and took almost 20 months to render a decision. This is not the kind of "reflection" our statute seeks. While the delay may not rise to such violation of defendant's rights to require resentencing or release, it was unreasonable and inexcusable. See *Exton Drive-In, Inc.* v. *Home Indemnity Co.*, 436 Pa. 480, 485-86, 261 A.2d 319, 323 (1969). Our system of justice would be far better served by a much less elaborate decision rendered shortly after the motion.

*Affirmed.*