### State of Vermont v. Henry J. Hance

[596 A.2d 365]

No. 90-242

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed July 19, 1991

*Marc D. Brierre*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*Kenneth Schatz*, Acting Defender General, and *Anna E. Saxman*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant, Henry Hance, appeals from the trial court's denial of his motion under V.R.Cr.P. 35 and 13 V.S.A. § 7042 for sentence reconsideration. The sole issue is whether a criminal defendant may expressly waive the right to sentence reconsideration in a plea agreement in which the State and the defendant jointly agree to a recommended sentence. We hold that such a waiver is valid and affirm.

On January 3, 1990, defendant pled no contest to three counts: selling cocaine, leaving the scene of an accident, and a third offense of driving with a suspended license. His plea was made pursuant to a written agreement, dated December 1, 1989, and signed by the state's attorney, defendant and his counsel. It provided that the state's attorney and defendant's attorney would jointly recommend a sentence of two-to-six years. The State agreed to dismiss a fourth offense of driving under the influence and a third offense of driving with a suspended license. The agreement also included the following provision:

> 5) DEFENDANT hereby understands and waives his right under 13 V.S.A. § 7042 to request the Court for reconsideration of the sentence(s) imposed under this agreement, except to the extent that the penalty imposed is greater than that recommended by the State herein.

At the sentencing hearing, defendant's attorney explained that defendant had agreed to the sentence, argued that the agreement was fair, and urged the court to impose the agreed-upon sentence. After determining that defendant's waiver was voluntary, knowing, and intelligent, the court sentenced defendant to two-to-six years' imprisonment: two-to-five years for selling cocaine, with six months for driving with a suspended license to be served concurrently; and zero-to-one year for leaving the scene of an accident, to be served consecutively.

On March 26, 1990, defendant filed a motion for sentence reconsideration, asking that his minimum sentence be reduced by one year. At the motion hearing, the court concluded that defendant had waived his right to move for sentence reconsideration under the terms of the plea agreement and refused to consider the merits of his motion. This appeal followed.

Defendant argues that 13 V.S.A. § 7042 and V.R.Cr.P. 35 create an absolute right to move for sentence reconsideration and

provide no authorization for waiver of that right and, as a matter of statutory construction and sound policy, we should not allow such a waiver. As defendant concedes, neither the rule nor the statute speaks to this issue.

At the outset, we note that our decisions authorize a defendant to waive virtually any right, constitutional or statutory, as long as the waiver is knowing, intelligent, and voluntary. Thus, a defendant may waive the right against self-incrimination, see *State v. Caron*, 155 Vt. 492, 506, 586 A.2d 1127, 1135 (1990), the right to counsel, see *State v. Merrill*, 155 Vt. 422, 584 A.2d 1129 (1990), the right to trial by jury, see *State v. Conn*, 152 Vt. 99, 102, 565 A.2d 246, 247 (1989), and the right to any trial, see V.R.Cr.P. 11(c)(4). It would be anomalous for us to allow waiver of these important constitutional rights and then to deny waiver of a statutory right to sentence reconsideration.

Defendant responds to our waiver decisions by urging us to apply the rationale of *State v. Buck*, 139 Vt. 310, 428 A.2d 1090 (1981), a criminal case in which we indicated that we would not enforce a plea agreement provision restricting the right to appeal. In *Buck*, defendant was found guilty by a jury but entered into a sentencing agreement for a deferred sentence pursuant to 13 V.S.A. § 7041(a). The agreement restricted the issues defendant could raise on appeal. We stated that, because the right to appeal from a criminal conviction was conferred absolutely by statute, "its restriction or prohibition as a condition of sentence deferment or probation cannot be reconciled with that statute." *Id.* at 315, 428 A.2d at 1093. The holding of *Buck* on this point is dicta. Although we have not revisited the issue since *Buck*, we note that the overwhelming weight of authority in other states is that, under certain circumstances, the right of appeal can be waived in a plea agreement. See *People v. Seaberg*, 74 N.Y.2d 1, 8 n.*, 541 N.E.2d 1022, 1024 n.*, 543 N.Y.S.2d 968, 971 n.* (1989) (collecting cases). In any event, we find that *Buck* is distinguishable for three reasons.

First, in *Buck* there was no direct correlation between the sentence deferment and the appeal of issues underlying defendant's conviction. Thus, the State had used its power to prevent sentence deferment, see 13 V.S.A. § 7041(a), to induce an unrelated waiver of defendant's rights. Here, in contrast, the State used the waiver to ensure it receives the benefit of the bargain

it made with defendant. If defendant is allowed to seek and obtain a reduction of his minimum sentence, the State will have dismissed charges, foregone defendant's testimony in another proceeding, and waived its right to argue for a higher sentence, in return for a sentence that defendant will never serve. See *People v. Fearing*, 110 Ill. App. 3d 643, 645, 442 N.E.2d 939, 940-41 (1982).

Plea bargains have become an essential part of the administration of justice. See Standards for Criminal Justice § 14-3.1 commentary (2d ed. 1986). Indeed, we have gone further than most states and the federal courts in allowing the trial judge to participate in the plea negotiation process. See *State v. Davis*, 155 Vt. 417, 420–21, 584 A.2d 1146, 1148 (1990). It is important to the integrity of the system that plea bargains be honored by both the defendant and the State. We note that the one state court that has considered the issue has ruled that a sentence reduction under rules similar to ours gives the State the right to rescind the plea agreement on which the sentence was based. *People ex rel. VanMeveren v. District Court*, 195 Colo. 34, 37–38, 575 P.2d 4, 7 (1978) (en banc); see also *Jolly v. State*, 392 So. 2d 54, 56 (Fla. Dist. Ct. App. 1981) (invalid sentence must be cured by vacating judgment rather than by resentencing so that State is not denied benefit of plea bargain). We concluded recently in *State v. Whitchurch*, 155 Vt. 134, 139, 577 A.2d 690, 693 (1990), that a later modification of a plea agreement, providing terms of probation, may give the State the opportunity to reopen the entire agreement and seek a different sentence. We need not reach whether modification would be a breach of the plea agreement;* it is sufficient to say that the bilateral nature of the agreement supports allowing waiver of defendant's right to seek sentence reduction as part of that agreement.

The second reason that *Buck* does not control this case lies in the difference between the nature of appeal and the nature of sentence reconsideration. The purpose of an appeal is to correct

---

* Defendant relies on *United States v. Semler*, 883 F.2d 832, 835 (9th Cir. 1989), for the proposition that even though a sentence resulted from a binding plea agreement, it is subject to modification. We do not differ with this conclusion, but find it to be of little help to this case because there was no waiver agreement in *Semler*. Nor does *Semler* address whether the government could reopen the plea agreement in light of the modification.

error in the underlying conviction or in the sentence. An opportunity to appeal ensures that a conviction is based on a fair trial and a proper determination of guilt. Even where there has been a guilty plea, the appeal assures adherence to "standards which have been developed with painstaking care to afford defendants their basic rights." *People v. Butler*, 43 Mich. App. 270, 280, 204 N.W.2d 325, 330 (1972); see also *State v. Ethington*, 121 Ariz. 572, 573, 592 P.2d 768, 769 (1979) ("public policy forbids a prosecutor from insulating himself from review by bargaining away a defendant's appeal rights").

The purpose of sentence reconsideration is discussed in *State v. Dean*, 148 Vt. 510, 513, 536 A.2d 909, 912 (1987), as follows:

> The purpose of sentence reconsideration is to allow a second look at the sentencing decision "absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice." *State v. Therrien*, 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982). The statute allows modification of a sentence "which, upon reflection and in the presence of unchanged circumstances, might be shown to be unwise or unjust." *State v. Lertola*, 140 Vt. 623, 624, 442 A.2d 1296, 1297 (1982). In making these determinations, the trial court has wide discretion to consider such factors as it believes are relevant.

The right to sentence reconsideration is of recent origin, having been created by statute in 1978. See *id.* It is a highly discretionary remedy for a lawful, but inappropriate, sentence. While we do not denigrate the importance of sentence reconsideration to criminal defendants, we cannot say that it occupies as central a place in the administration of justice as the right to appeal. Thus, it is appropriate to allow a waiver of sentence reconsideration while prohibiting a waiver of the right to appeal.

The distinction between sentence reconsideration and appeal is recognized in analogous circumstances in other jurisdictions. In *People v. Francabandera*, 33 N.Y.2d 429, 434 n.2, 310 N.E.2d 292, 294 n.2, 354 N.Y.S.2d 609, 612 n.2 (1974), the New York Court of Appeals ruled that a defendant could not waive the right to challenge an illegal sentence. More recently, in *Seaberg*, 74 N.Y.2d at 9, 541 N.E.2d at 1025–26, 543 N.Y.S.2d at 972, the court held that a defendant could waive in a plea bargain the right to appeal a sentence as excessive. The court found that the

need to enforce negotiated pleas outweighed any policy concern for protecting the review rights of defendants with respect to the length of sentences.

The distinction was applied by the Minnesota Court of Appeals in *Ballweber v. State*, 457 N.W.2d 215 (Minn. Ct. App. 1990), where the defendant appealed the length of his sentence, arguing it was inconsistent with sentencing guidelines. The court found that the case was like *Francabandera* and unlike *Seaberg*; because of the determinate sentencing system in use in Minnesota, defendant's challenge went to the legality, and not merely to the fairness, of his sentence. *Id.* at 218. Thus, based on the nature of the appeal, particularly the absence of trial court discretion in the sentencing decision, the court held that a waiver of the right to appeal was invalid.

The third distinguishing factor is the limited usefulness of sentence reconsideration when the sentence is based on a plea agreement. The sentence here was not born out of "the heat of trial pressures" and presumably was considered fair by defendant when he agreed to it. The value of sentence reconsideration is also affected by our decision in *State v. LaPine*, 148 Vt. 14, 15, 527 A.2d 1150, 1150 (1987), that sentence reconsideration may be based only on "the circumstances and factors present at the time of the original sentencing, rather than defendant's conduct and behavior since sentencing." Indeed, the transcript of the sentence reconsideration hearing in this case indicates that defendant's claim for sentence reduction is based primarily on his rehabilitation since sentencing, as well as the deterioration of his family's financial circumstances, and not on a reassessment of his situation at sentencing.

We do not suggest that a sentence adopted pursuant to a plea agreement should never be subject to modification. We do believe, however, that such a sentence is the least likely to be modified by calm reflection. Thus, the value of what is being waived here is very limited and rarely likely to result in a sentence reduction.

We hold that a defendant may expressly waive the right to seek sentence reconsideration as part of a plea agreement in which defendant and the State have negotiated a recommended sentence. Because defendant here has not attacked his plea or the plea agreement as other than knowing and voluntary, see *In*

*re Hall,* 143 Vt. 590, 595, 469 A.2d 756, 758 (1983), his waiver of the right to seek sentence reconsideration is valid.

*Affirmed.*