2007 VT 124

**STATE of Vermont v. Mark W. KING**

[944 A.2d 224]

No. 06-334

*Levitt*, J.

¶ 1. November 16, 2007. Defendant Mark King appeals the district court's denial of his motion for sentence reconsideration, claiming that the court erred by failing to make findings in support of the denial. Defendant also would have us find error in the fact that the judge who ruled on the reconsideration motion was not the sentencing judge. Because every issue raised in the reconsideration motion had already been resolved on direct appeal, however, there was no error in ruling on the motion without findings, and any error in the judge's identity was harmless. We affirm.

¶ 2. The underlying facts may be briefly recounted. In April 1998, the State charged defendant with second-degree murder for causing the death of his girlfriend. *State v. King*, 2006 VT 18, ¶ 1, 179 Vt. 400, 897 A.2d 543. In January 2003, defendant pled guilty to one count of voluntary manslaughter and one count of first-degree aggravated domestic assault

pursuant to a plea agreement. The agreement provided that defendant would plead guilty to the lesser charges in exchange for the State's agreement to cap the maximum available sentence at twenty-seven to thirty years. Appellant was free to argue for less. At the sentencing hearing, defendant argued that his girlfriend had bitten him on the lip, thus provoking his assaultive conduct.

¶ 3. The district court concluded, by a preponderance of the evidence, that defendant's provocation theory was not credible, and that he had repeatedly lied to police and emergency personnel to whom he described the tragic events. *Id.* ¶¶ 9, 10, 18. The court further found that defendant stopped to buy cigarettes while he was bringing his girlfriend to the hospital after the beating, and that his professed concern about her well-being was not credible. *Id.* ¶¶ 11, 18. For these and other reasons, the court determined that the killing was particularly brutal, severe, and cruel, and sentenced defendant to a total of twenty-seven to thirty years on the manslaughter and domestic assault convictions. *Id.* ¶ 10. We affirmed. *Id.* ¶ 15. In so doing, we rejected defendant's constitutional challenge to his sentence because he had waived it by stipulating to the maximum sentence for which the State could argue, and we affirmed the sentencing decision and the underlying finding that defendant had not been provoked. *Id.* ¶¶ 13-14.

¶ 4. Soon after we denied his subsequent motion for reargument, defendant filed a motion for sentence reconsideration in the district court. See 13 V.S.A. § 7042(a); V.R.Cr.P. 35(b). In that motion, defendant asserted that sentence reconsideration was warranted in light of the media coverage of his original sentencing. That coverage, the motion averred, resulted in "intense and tremendous pressure" on the sentencing judge "to mete out a harsh, if not the maximum sentence on [him]." The motion went on to dispute

various findings made by the sentencing court and affirmed by this Court on direct appeal, but conceded that the sentencing court's findings were "mostly correct." Next, defendant in his motion lamented his decision not to testify at the sentencing hearing, and expressed his remorse at having caused his girlfriend's death. Finally, defendant asked the sentencing court to reconsider his sentence to ensure that he would receive particular treatment opportunities while incarcerated.

¶ 5. The motion was denied in a brief order, in which the court noted that "[m]any of the matters raised were considered by the judge at the 2 day sentencing hearing. The fact that [defendant] now wishes he had taken the witness stand is no reason to grant a sentence reconsideration." The court declined to consider defendant's claims regarding his classification and treatment programs while incarcerated.

¶ 6. We review the denial of the motion for sentence reconsideration for abuse of discretion. *State v. Oscarson*, 2006 VT 30, ¶ 7, 179 Vt. 442, 898 A.2d 123. Sentence reconsideration under 13 V.S.A. § 7042 and Rule 35 is a limited remedy. *Oscarson*, 2006 VT 30, ¶ 11. The trial court has wide discretion in determining what factors to consider during sentence reconsideration, *State v. Dean*, 148 Vt. 510, 513, 536 A.2d 909, 912 (1987), and may in its discretion deny a sentence-reconsideration motion without an evidentiary hearing. *State v. Allen*, 145 Vt. 393, 396, 488 A.2d 775, 777 (1985). The purpose of sentence reconsideration is to "give the district court an opportunity to consider anew the circumstances and factors present at the time of the original sentencing." *State v. Sodaro*, 2005 VT 67, ¶ 9, 178 Vt. 602, 878 A.2d 301 (mem.) (quotation omitted). It is not intended as a forum to review post-incarceration circumstances or events. *Id.* As these standards imply, sentence reconsideration is of limited utility when a defendant's original sentence was based on a plea. *State v. Hance*, 157 Vt. 222, 227, 596 A.2d 365, 368 (1991).

¶ 7. Defendant's motion asserted only one claim cognizable in a sentence-reconsideration proceeding: that the trial court was generally under "intense and tremendous pressure . . . to mete out a harsh, if not the maximum sentence" on him.* But, as we said in *Hance*, when a sentence is based originally on a plea bargain, sentence reconsideration has "limited usefulness." *Id.* We presume, under *Hance*, that defendant considered the sentence fair when he agreed to it. *Id.*

¶ 8. Here, defendant's agreement that a twenty-seven to thirty year sentence would be available was met by the State's agreement to reduce the charges against him from a single count of second-degree murder to two counts: voluntary manslaughter and first-degree aggravated assault. *King*, 2006 VT 18, ¶ 3. Had the State instead proceeded with the murder charge, defendant would have been exposed to a potential life sentence. See 13 V.S.A. § 2303(c). In light of the reduced charges and the plea agreement, the maximum sentence defendant could have received was twenty-seven to thirty years. See *id.* § 2304 (maximum sentence for manslaughter is fifteen years); *id.* § 1043(b) (maximum sentence for first-degree aggravated domestic assault is fifteen years). Like the trial court, we discern no reason to reduce defendant's sentence from the one he agreed he might

---

* Defendant also raised several claims of error in the trial court's findings at trial, asserted that his rights under *Miranda v. Arizona*, 384 U.S. 436, 473 (1966), were violated, and that his classification as a Level "A" offender has prevented him from getting certain therapies while incarcerated. These claims are not within the scope of a sentence-reconsideration hearing, and were properly disregarded by the trial court.

be subject to in exchange for the State's promise not to pursue an even harsher penalty. Defendant's conclusory assertion that the sentencing court was influenced by improper pressures did not require a reduction in his sentence, and the trial court was within its discretion to rule on the motion without a hearing or explicit findings.

¶ 9. Defendant also argues that the judge who conducted his sentencing was legally bound to consider his motion to reconsider. We do not reach the merits of this argument because we conclude that the error, if any, was harmless. As noted above, the only issue properly raised in defendant's reconsideration motion was his general claim that the sentencing court's imposition of the maximum available sentence stemmed from the pressure surrounding the trial. Defendant makes no claim that the judge who considered the reconsideration motion was less able than the sentencing judge to evaluate his sentence free from the purportedly inflammatory influence of the events surrounding his original sentencing.

*Affirmed.*

Motion for reargument denied December 11, 2007.