*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-365

MARCH TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| | } | |
| Vincent T. Brown | } | DOCKET NO. 3434-7-04 Cncr |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Defendant appeals the decision of the superior court, criminal division, denying his motion for sentence reconsideration. We affirm.

On June 25, 2007, after entering into a plea agreement, defendant was convicted of embezzlement, sentenced to a term of two-to-five years, all suspended, and placed on probation. On May 4, 2010, following a violation-of-probation (VOP) hearing, the criminal division revoked defendant's probation and sentenced him to serve a term of eighteen months to eighteen months and one day, with credit for time served. Defendant, who was represented by counsel at the VOP hearing, did not appeal the court's decision. On July 22, 2010, defendant filed a pro se motion for sentence reconsideration pursuant to 13 V.S.A. § 7042(a) and V.R.Cr.P. 35(b). In his motion, he acknowledged that his sentence was lawful, but argued that it was unduly harsh and disproportionate given the nature of the violations. The motion was filed in the wrong court but was transferred to the criminal division on August 18, 2010. The following day, the court denied the motion, stating that the sentence had been imposed after consideration of all of the facts and circumstances.

Virtually all of defendant's claims on appeal challenge the revocation of his probation, from which he did not appeal. Accordingly, we do not consider those issues. Defendant's sole argument regarding his sentence is that the sentence, while lawful, is disproportionate to what he considers to be technical violations of his probation conditions. We find no basis to overturn the court's denial of defendant's motion for sentence reconsideration. Defendant admitted at the VOP hearing that he failed to report to his probation officer on numerous occasions and to complete the 200 hours of community service that he was required to do under the original sentence. These were not technical violations. The court acted within its "wide discretion" in requiring defendant to serve a portion of his original sentence. See 28 V.S.A. § 304(b)(5) (noting that, upon finding probation violation, court may, among other things, "[c]ontinue the probationer on the existing sentence, but require the probationer to serve any portion of the

sentence"); <u>State v. King</u>, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.) ("The trial court has wide discretion in determining what factors to consider during sentence reconsideration.").

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice