*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-363

APRIL TERM, 2011

| | |
|---|---|
| State of Vermont | APPEALED FROM: |
| v. | Superior Court, Chittenden Unit, Criminal Division |
| Corey Price | DOCKET NO. 744-2-10 Cncr |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from the superior court's denial of his motion for sentence reconsideration. We affirm.

In April 2010, defendant pled guilty to two counts of selling cocaine in violation of 18 V.S.A. § 4231(b). Pursuant to a plea agreement, the State dismissed another count of selling cocaine and a conspiracy charge, and it agreed to recommend an aggregate sentence of two years and six months to five years, all suspended except two years and six months, and probation. The trial court accepted defendant's plea and sentenced him according to the agreement on April 16, 2010. On July 22, 2010, defendant filed a pro se motion for sentence reconsideration in the Chittenden Civil Division of the Vermont Superior Court; the motion was redirected to the Criminal Division and docketed there on August 13, 2010. Defendant sought a reduced sentence due to the harm his family was suffering as a result of his behavior and the fact that he committed a nonviolent drug offense, among other things. The court denied the motion, finding that defendant had entered into a plea agreement, the court had accepted that agreement, and the agreement was fair. Defendant appealed from this decision.

Pursuant to 13 V.S.A. § 7042(a), "[a]ny court imposing a sentence under the authority of this title, within 90 days of the imposition of that sentence . . . may upon its own initiative or motion of the defendant, reduce the sentence." See also V.R.Cr.P. 35(b) (same). We indicated in State v. Desjardins, that for the court to have jurisdiction over such motions, they must be filed by the defendant, or initiated by the court on its own motion, "within 90 days after sentence or affirmation of sentence," although "the hearing on the motion may occur within a reasonable period of time following the expiration of the 90 day proscription without the court losing jurisdiction." 144 Vt. 473, 476 (1984).

In this case, defendant was sentenced on April 16, 2010, and therefore, his motion needed to be filed by July 15, 2010. He did not file his motion until July 22, 2010. Even giving the Appellant the benefit of this filing date with the Civil Division, the motion was untimely and neither the Civil Division nor the Criminal Division court had jurisdiction over the motion. We

affirm the court's denial of defendant's motion on these grounds. Even assuming arguendo that the Criminal Division court did have jurisdiction, it was well within the court's discretion to deny the motion on the merits. See State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.) (explaining that "purpose of sentence reconsideration is to give the district court an opportunity to consider anew the circumstances and factors present at the time of the original sentencing," and noting that "sentence reconsideration is of limited utility when a defendant's original sentence was based on a plea" (citation omitted)).

Affirmed.


BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice