*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-358

APRIL TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Addison Unit, |
| | } | Criminal Division |
| | } | |
| Adam J. Brouillard | } | DOCKET NO. 140-3-09 Ancr |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals the court's denial of his motion for sentence reconsideration. On appeal, defendant argues that the court misconstrued its role and did not exercise its discretion. We affirm.

In March 2009, defendant brutally assaulted and injured his estranged wife in the presence of the couple's two young daughters. He then led police on a high-speed automobile chase before being apprehended. He was initially charged with five crimes: attempted second-degree murder; first-degree aggravated domestic assault; driving under the influence, second offense; attempting to elude an officer; and careless or negligent operation of a vehicle. In February 2010, defendant entered a plea agreement with the State. The State dismissed the attempted murder charge, and defendant pled guilty to the remaining charges. During the plea colloquy, defendant agreed that he had charged the victim, knocked her to the ground, kneeled on her chest and neck, and slammed her head into a concrete floor. As a result of the attack, the victim received multiple injuries, including two black eyes, a permanent scar on her leg and lasting injuries to her head, foot, neck, ribs and shoulder. The court accepted the plea, finding that it was made knowingly and voluntarily. The plea agreement did not contain a recommended sentence, but left it open to argument by defendant and the State.

Following a presentence investigation (PSI), the court held a sentencing hearing on May 10, 2010. At the sentencing hearing, the victim testified concerning the extent of her injuries and the lasting effect on her. She described the vicious assault and the enduring pain and emotional trauma. Photos of her injuries were introduced. The victim explained that defendant had not physically assaulted her before this incident. The victim also testified that after witnessing the assault, the children are scared of their father and continue to have nightmares. The children's counselor testified that both children have post-traumatic stress disorder (PTSD) and lingering emotional injury.

The maximum aggregate sentence for the offenses was nineteen years. The State argued for sixteen-to-nineteen years, split to serve fourteen years. The PSI recommended a sentence of ten-to-fifteen years to serve. Defendant argued for a preapproved furlough program. In arriving

at a sentence, the court considered defendant's good qualities, but found that the harm defendant had caused was extreme, citing the severe injury to the victim, both physical and emotional, and the long-lasting negative effects on the young children who witnessed the assault. The court also noted that defendant had put police and the general public in danger by driving under the influence and taking police on a high-speed chase. In addition, the court noted defendant's criminal history, which included domestic assault against a previous wife in 1995, and criminal trespass against an ex-girlfriend in 1998. In light of all of these factors, and considering the need to punish, deter, and rehabilitate, the court sentenced defendant to eight-to-fifteen years to serve.

In July 2010, defendant filed a motion to reduce his sentence. Defendant argued that the sentence was unduly harsh given that this was the first act of physical violence committed against this victim and when compared with sentences in other first-degree aggravated domestic assault cases. The court held a hearing on the motion in August 2010 and issued a written order thereafter denying defendant's request. Defendant appeals.

Our standard of review in sentence reconsideration cases is well defined. The trial court has wide discretion in determining what factors to consider, and we review the denial of a motion for sentence consideration for an abuse of that discretion. State v. King. 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.); see 13 V.S.A. § 7042; V.R.Cr.P. 35. "The purpose of sentence reconsideration is to give the district court an opportunity to consider anew the circumstances and factors present at the time of the original sentencing." King, 2007 VT 124, ¶ 6 (quotation omitted).

On appeal, defendant argues the trial court mistakenly thought that because defendant's sentence was based on a plea agreement it had little authority to reconsider the sentence. According to defendant, the fact that his sentence was based on a plea agreement did not influence the breadth of the trial court's review because the plea agreement did not contain a stipulated sentence. We conclude that there was no abuse of discretion in this case. To be sure, the court noted our established maxim that a motion for sentence reconsideration has "limited usefulness . . . when the sentence is based on a plea agreement." State v. Hance, 157 Vt. 222, 227 (1991). In addition, we agree with defendant that his situation is distinguishable from cases where the plea agreement includes a stipulated sentence because in those situations the defendant has explicitly agreed that the sentence is fair. However, our cases have explained that sentence reconsideration has limited usefulness in cases involving plea agreements for two reasons: first, because defendant has agreed to the sentence; and second, because the sentencing process is not the product of a heated trial. Id.

In any event, the court did not withhold its discretion in this case, but fully considered defendant's arguments and properly weighed all relevant factors. The court explained that the sentence was "proper and appropriate" in light of the nature and circumstances of defendant's crimes, defendant's criminal history and need for rehabilitation, and the risk of harm to defendant's victims and the public. The court also explicitly considered defendant's specific arguments. The court concluded that defendant's first argument downplayed his prior criminal acts and found that his previous history of violence against women supported a stricter sentence. In addition, the court concluded that given the unique facts of defendant's case, it was of limited value to compare his sentence with others involving first-degree aggravated domestic assault. Nonetheless, the court noted that defendant's sentence was not significantly harsher compared to other similar cases, citing defendant's own statistics and State v. Wilkinson, No. 2006-216, 2007 WL 5315215 (Vt. Feb. 28, 2007) (unpub. mem.) (affirming ten-to-fifteen year sentence in a first-degree aggravated domestic assault case) available at: http://www.vermontjudiciary.org/d-

upeo/upeo.aspx. Given the thorough examination of the issues, we conclude that the trial court properly understood the scope of its review and did not abuse its discretion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice