*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

### SUPREME COURT DOCKET NOS. 2010-224/225/226/227/228

### MAY TERM, 2011

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| v. | } District Court of Vermont, |
| | } Unit. No.1, Windsor Circuit |
| | } |
| Taylor James | } DOCKET NOS. 1107-9-08, 1153-9-08, |
| | } 1384/1385-11-08, 229- |
| | } 2-09, 703-6-09 Wrcr |

Trial Judge: Theresa S. DiMauro

In the above-entitled causes, the Clerk will enter:

Defendant was convicted of several criminal charges and placed on probation. Months later, the court found defendant violated his probation, revoked probation and imposed defendant's underlying sentence. Defendant filed a motion for reconsideration. He now appeals the denial of the motion for reconsideration, arguing that the court abused its discretion in denying his request to reduce his sentence so that he could enter inpatient treatment. We conclude that the court lacked jurisdiction to entertain defendant's motion to reconsider and affirm.

In April 2009 and August 2009, defendant was convicted of several different criminal charges and placed on probation. In February 2010, defendant's probation officer filed a violation complaint alleging that defendant violated three conditions, which prohibited him from engaging in violent or threatening behavior, required him to participate in a specific program, and prohibited him from abusing or harassing his former girlfriend, with whom he has a son. On March 25, 2010, the court held a hearing on the violations. The girlfriend's cousin testified concerning threatening behavior of defendant as well as threatening telephone calls and telephone messages received from defendant. Defendant's probation officer also testified about defendant's compliance with his program, and the threatening telephone messages. At a continued hearing on April 5, 2010, the court made its ruling on the record. It found the cousin's testimony credible, and concluded that the State had proven by a preponderance of the evidence that defendant had violated two conditions by engaging in violent and threatening behavior and by harassing his former girlfriend. The court found there was insufficient evidence to support a violation of the programming condition. Citing defendant's demonstrated inability to abide by probation conditions, the court revoked defendant's probation and imposed the underlying sentence. Defendant did not appeal this decision.

On April 13, 2010, defendant filed a motion to reconsider his sentence. Defendant requested that the court amend his eighteen-month minimum sentence to a split of six-to-twelve months to serve so he could be released. At a hearing on defendant's motion, defendant argued

that his mental health issues had worsened in prison and the programming he required to address his problems was not being offered in prison. Defendant's mother testified concerning inpatient treatment programs that would be available to her son if he was not incarcerated. The court had questions regarding one of the proposed programs and deferred ruling on the motion. At the reconvened hearing, the court denied the motion, concluding that release would not be appropriate due to public safety concerns and defendant's need for increased supervision. Defendant appeals.

Our standard of review in sentence reconsideration cases is well defined. The trial court has wide discretion in determining what factors to consider and we review the denial of a motion for sentence consideration for an abuse of that discretion. State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.); see 13 V.S.A. § 7042; V.R.Cr.P. 35. "The purpose of sentence reconsideration is to give the [trial] court an opportunity to consider anew the circumstances and factors present at the time of the original sentencing." King, 2007 VT 124, ¶ 6 (quotation omitted). On appeal, defendant argues that the court abused its discretion in denying his motion for reconsideration because inpatient treatment was the only means to guarantee that defendant received necessary and immediate programming.

The State contends that the trial court lacked jurisdiction to entertain defendant's motion for reconsideration. Under Vermont Rule of Criminal Procedure 35, the court "may reduce a sentence within 90 days after the sentence is imposed." See 13 V.S.A. § 7042(a) (granting court authority to reduce a sentence "within 90 days of the imposition of that sentence"). The State argues that because defendant filed his motion more than ninety days after entry of judgment, there was no jurisdiction to entertain it, relying on State v. Therrien, 140 Vt. 625 (1982) (per curiam). In Therrien, the defendant was sentenced in October 1979, and after his probation was revoked and his sentence imposed in February 1981, the defendant sought reconsideration of his original sentence. This Court held that there was no jurisdiction to entertain the motion because it was filed beyond the ninety-day period, which began when the sentence was imposed in October 1979. Id. at 628. Therefore, we explained that "[a]fter a revocation of probation, the defendant's proper avenue for relief is through an appeal or habeas corpus proceeding." Id. at 627.

As in Therrien, we agree that the court lacked jurisdiction over defendant's motion for reconsideration in this case. Defendant's underlying sentences were imposed most recently on August 5, 2009. His motion for sentence reconsideration was not filed until April 13, 2010, well beyond the ninety-day period set forth in Rule 35 and § 7042(a). Defendant's means to challenge the revocation of his probation and imposition of his original sentence was through appeal, which defendant chose not pursue. Having failed to do so, defendant could not challenge the revocation through a motion for sentence reconsideration. To allow defendant to do so would "unnecessarily burden the revocation proceeding and unjustifiably give the defendant yet another chance to attack his original sentence." Id. Therefore, the motion should have been dismissed for lack of jurisdiction.

Even assuming that the trial court had jurisdiction over defendant's motion, we conclude that the court did not abuse its discretion in denying defendant's request. Defendant asked the court to alter his sentence so that he could get inpatient treatment for his worsening mental health issues, which he claimed were not being adequately addressed in prison. Sentence reconsideration is not a means, however, to "review circumstances that come about following the imposition of the sentence," but is designed to allow the trial court to reconsider the facts and

2

circumstances existing at the time of the original sentence. <u>State v. Platt</u>, 158 Vt. 423, 426 (1992). In addition, "[s]entence reconsideration is not the right remedy for an alleged lack of prison health care services." <u>State v. Sodaro</u>, 2005 VT 67, ¶ 8, 178 Vt. 602 (mem.). The court was well within its discretion in concluding that public safety and the need to closely supervise defendant outweighed the benefit of defendant's proposed treatment options. <u>Id</u>. ¶¶ 9-10 (holding that court did not err in denying defendant's motion to reconsider based on post-sentencing behavior).

<u>Affirmed</u>.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice