*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-302

MAY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Ralph N. Morale | } | DOCKET NO. 424-5-13 Cacr |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a superior court order denying his motion for reconsideration of sentence. Defendant contends the court's order is essentially unreviewable because it fails to provide a reasoned basis for the ruling. We agree, and therefore reverse and remand.

Defendant was charged with driving under the influence, fourth or subsequent offense. He ultimately entered a plea agreement to resolve the DUI and several other charges which called for an aggregate sentence of fifteen months to ten years. A change of plea hearing was held on June 2014. The court obtained the necessary waivers, established a factual basis for the plea, and addressed defendant's request, through his attorney, for a delayed sentence to allow defendant to get certain affairs in order. The court also acknowledged defendant's admitted struggles with alcohol, noting that it was "a problem that's plagued you your whole life," and observed that this in part explained the length of the sentence—to keep him off the roads, obtain a period of "enforced abstinence," and enroll in the necessary programming in prison. The court accepted the plea and imposed a sentence of fifteen months to ten years to serve.

Less than two weeks later, defendant filed a pro se motion for sentence reconsideration, which he later supplemented with two letters to the court in July 2014. Defendant sought a reduced sentence of six months to three years, arguing that he would be better served by living in a halfway house or under "house arrest" and obtaining treatment in the community where he would have the support of his friends and family. The State filed no response. On July 14, 2014, the trial court denied the motion on a form entry order by checking the line next to "Denied." No explanation or statement of reasons for the ruling was provided in the order.

The decision on a motion for sentence reconsiderations is committed to the sound discretion of the trial court, which we review solely for abuse of discretion. State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.). We have recognized that the trial court enjoys "wide discretion in determining what factors to consider during sentence reconsideration," noting that its purpose is simply to "consider anew the circumstances and factors present at the time of the original sentencing" and not to "review post-incarceration circumstances or events." Id.

(quotation omitted). As these standards suggest, "sentence reconsideration is of limited utility when a defendant's original sentence was based on a plea." Id.

Accordingly, we have held that a court may "in its discretion deny a sentence-reconsideration motion without an evidentiary hearing" or even factual findings where there is no material factual dispute. Id. Indeed, in King we upheld a trial court's denial of such a motion in a "brief order" stating "many of the matters raised [in the motion] were considered by the judge at the 2 day sentencing hearing. The fact that defendant now wishes he had taken the witness stand is no reason to grant a sentence reconsideration." Id. ¶ 5.

It is equally well settled that a trial court ruling must provide at least some basis for a reviewing court to determine that the trial court exercised its discretion and how it was exercised. See, e.g., State v. Passino, 154 Vt. 377, 379 (1990) (remanding to trial court where was "no indication that the trial court exercised its discretion" in bail proceeding). The trial court's order here does not meet this minimal standard. Accordingly, we conclude that the matter must be remanded for reconsideration.

Reversed and remanded for reconsideration.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice