*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2016-252

FEBRUARY TERM, 2017

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Spencer Durham | } | DOCKET NO. 1058-10-12 Bncr |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the superior court's denial of his motion for sentence reconsideration. We affirm.

In February 2013, defendant was convicted of two counts of identity theft, one count of attempting to utter a forged instrument, and one count of possession of stolen property. He represented himself at the sentencing hearing in July 2013. The presentence investigation report (PSI) recommended a sentence of six-to-eight years to serve, and the State sought a sentence of sixteen-to-seventeen years to serve. After denying defendant's motion for a new PSI, the court sentenced defendant to seven-to-nine years to serve. This Court affirmed the convictions in July 2014. State v. Dunham, No. 2013-309, 2014 WL 3714941 (Vt. July 24, 2014) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx.

In November 2014, defendant filed a motion to reconsider his sentence. He argued that, in connection with the original sentencing, because he faced pending charges in New York state at the time, he did not believe he could cooperate with the PSI process without compromising his right against self-incrimination. He also argued that at the sentencing hearing, he was unable to express remorse because of the pending New York case.

After a series of delays due to issues concerning the timeliness of his motion and assigned counsel's conflict of interest, a new lawyer was assigned to represent defendant in January 2016. On May 20, 2016, the superior court held a hearing on defendant's motion to reconsider his sentence. The court denied the motion by written decision on June 21, 2016.

On appeal, defendant argues that his counsel was ineffective and that the superior court abused its discretion in denying his motion for resentencing.

Regarding his first argument, defendant acknowledges this Court's longstanding rule "that the proper avenue of raising the issue of ineffective assistance of counsel is through a

motion for post-conviction relief, and not through a direct appeal of a conviction." State v. Gabaree, 149 Vt. 229, 232-33 (1988). He contends, however, that we should address the issue because the record of defense counsel's ineffectiveness is clear—the transcript reflects that defense counsel spoke with defendant for only a few minutes before the court's hearing on the motion to reconsider, did not file a motion for a new PSI prior to or at the hearing, called no witnesses, and essentially turned the brief hearing over to his client to make a statement. We have made an exception to the general rule cited above where a claim of ineffective assistance of counsel "was raised and adjudicated before trial." State v. Bacon, 163 Vt. 279, 296 (1995). That is not the situation here, and we cannot conclude that the record on its face demonstrates that counsel was ineffective. Accordingly, we decline to address this issue.

Regarding defendant's second argument, we have explained that sentence reconsideration is a "limited remedy" in which the trial court has "wide discretion." State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.). The purpose of sentence reconsideration "is to permit the trial judge to reconsider the sentencing decision absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice." State v. Therrien, 140 Vt. 625, 627 (1982) (per curiam).

Here, the court recognized that "[t]he crux of defendant's argument is that he did not participate in the PSI and did not express remorse at the sentencing hearing because he had charges pending in New York State and he did not want any admission to be used against him there." As the court pointed out, however, defendant neither sought a continuance of the sentencing hearing nor raised these concerns at that hearing. The court found it difficult to understand how defendant's expression of remorse, as opposed to the convictions themselves, could have been used against him in New York. The court concluded that defendant's decision not to speak to the PSI author or express remorse at the sentencing hearing was a "tactical decision." The court noted that at the sentencing hearing defendant focused instead on his mental health issues, the actions of others, his innocence, and his confidence that his convictions would be overturned on appeal. The court also noted that PSI reports are confidential and generally would not be obtainable by New York authorities. In any case, the court noted that while it had commented on defendant's lack of remorse at the sentencing hearing, "the primary factors in this sentence were the nature and seriousness of the crimes committed; the defendant's long criminal history; the defendant's history of committing similar crimes; and the defendant's failure to succeed and stop committing crimes while on supervised release." Accordingly, the court expressed its conviction that the "sentence was correct, fair, and served the ends of justice."

We conclude that the superior court acted well within its wide discretion in denying defendant's motion for reconsideration. Defendant argues that he had good reasons to assume that New York authorities would get hold of his PSI, but he fails to counter the primary reasons for the superior court's denial of his motion. The court concluded that defendant made a tactical decision not to participate in the PSI, and we discern no basis from the record to conclude otherwise. We further note that defendant did not raise the issue of his pending New York charges at his sentencing, and did not contend in his direct appeal of his convictions and sentence that he did not have a meaningful opportunity to participate in the PSI. Cf. State v. Platt, 158 Vt. 423, 428 (1992) (refusing to address in appeal of denial

2

of sentence reconsideration defendant's argument that sentencing court improperly considered charges not brought against him, and stating that "[i]f this were a direct appeal of the sentence, we would consider the propriety of the procedure used by the court").

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

3