| VERMONT SUPREME COURT |  | Case No. 24-AP-319 |
|---|---|---|

VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No. 24-AP-319

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,  2025

State of Vermont v. Jeffrey Rivard*

} APPEALED FROM:
} Superior Court, Windham Unit,
} Criminal Division
} CASE NO. 1370-11-19 Wmcr
Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the denial of his motion for sentence reconsideration.  We affirm.

The record indicates the following.  Defendant was found guilty of domestic assault in October 2022 following a jury trial.  In August 2023, the court imposed a six-to-twelve-month sentence, all suspended, with two years of probation.  Defendant's conviction was affirmed on appeal.  See State v. Rivard, No. 2023-AP-289, 2024 WL 2131487 (Vt. May 10, 2024) (unpub. mem.) [https://perma.cc/KFP7-K5P8].

In July 2024, defendant moved for sentence reconsideration.  He argued that the sentencing court had erroneously: refused to accept a competency evaluation report as evidence of his mental health; considered evidence of his prior conduct based on police reports that contained hearsay and were not pre-filed in advance of sentencing; considered sealed/expunged convictions and a deferred sentence that were contained in the Presentence Investigation Report (PSI); and imposed an excessive sentence.  The State opposed the motion and cited the transcript of the sentencing hearing in support of its position.  The State asserted that defendant appeared to have abandoned his attempt to admit the competency report at sentencing; the sentencing court admitted only defendant's own statements in the police reports, which it found admissible and reliable; defendant had notice of these reports; defendant did not object to the PSI; and the sentence was not excessive.

The court denied defendant's motion without a hearing.  It found that defense counsel had not in fact offered the information in the competency evaluation at the sentencing hearing. He did not object to the PSI.  Defendant's statements to police in prior proceedings were admitted as reliable information and the bulk of the reports were not admitted or considered. The court found that defendant's sentence was designed to ensure that appropriate treatment and counseling would be provided to defendant in order to reduce the risk of similar conduct in the future.  It considered the sentence fair and appropriate given the evidence presented at trial.  The

court added that the sentencing decision occurred many months after the trial, very far from the "heat of trial pressures" and it was based on the court's "calm reflection." State v. Dean, 148 Vt. 510, 513 (1987). Defendant appeals.

Defendant argues that the court abused its discretion in denying his motion. He contends that because the court did not hold a hearing on his motion, it was obligated to accept as true his allegations of error and it follows that he is now entitled to a hearing to support the reduction of his sentence. Defendant also argues that the sentencing court made a definitive ruling excluding the evidence in the competency evaluation report, and he was not required to renew his request to introduce the report. He maintains that the competency report should not be considered admissible hearsay, as the State argued below. Defendant further asserts that the sentencing court erroneously considered hearsay evidence of his prior conduct, contained in police reports that were not prefiled in advance of sentencing. Finally, defendant argues that the PSI contained improper material and that his sentence was excessive.

We apply well-established legal standards on appeal:

> We review the denial of the motion for sentence reconsideration for abuse of discretion. Sentence reconsideration under 13 V.S.A. § 7042 and [Vermont Rule of Criminal Procedure] 35 is a limited remedy. The trial court has wide discretion in determining what factors to consider during sentence reconsideration, and may in its discretion deny a sentence-reconsideration motion without an evidentiary hearing. The purpose of sentence reconsideration is to give the district court an opportunity to consider anew the circumstances and factors present at the time of the original sentencing. It is not intended as a forum to review post-incarceration circumstances or events.

State v. King, 2007 VT 124, ¶ 6, 183 Vt. 539 (mem.) (citations and quotation omitted).

Defendant fails to show an abuse of discretion here. We reject defendant's assertion that the court was obligated to accept his claims of error because it did not hold a hearing on his motion. The court relied on an undisputed hearing transcript in reaching its conclusions and it did not abuse its discretion in determining that no hearing was required. The court similarly did not err in its finding regarding the competency evaluation. The record supports the court's determination that the sentencing court did not make a definitive ruling on the issue, as defendant argued. The record shows that the parties discussed the issue and defense counsel indicated that he sought to introduce the report as evidence of defendant's mental-health issues. The court responded that it was aware of many of the facts cited by defense counsel as to defendant's mental-health treatment and defense counsel responded that he intended to touch on the issue in his closing argument. When asked if he had any evidence to offer, defense counsel responded "no." Given the record, we need not address defendant's secondary argument as to whether the competency evaluation was also excludable on hearsay grounds. As to the evidence of defendant's prior conduct in police reports from other states, the record shows that the sentencing court admitted only defendant's own statements, finding them reliable. While these reports were not filed as exhibits prior to the sentencing hearing, defense counsel indicated at the outset of the hearing that defendant was aware of these reports. The sentencing court did not consider inadmissible evidence in imposing its sentence, as defendant asserts. The record also supports the court's finding that defendant failed to raise any objections to the PSI at the

sentencing hearing.  Finally, the court did not err in rejecting defendant's argument that the sentence imposed was excessive.  The court has "broad discretion" in imposing a sentence and it did not abuse that discretion here.  State v. Ingerson, 2004 VT 36, ¶ 10, 176 Vt. 428.

Affirmed.

BY THE COURT:


Paul L. Reiber, Chief Justice


Karen R. Carroll, Associate Justice


William D. Cohen, Associate Justice